(19 App. Div. 158.)

### COHEN v. CLIMAX CYCLE CO.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

EXECUTION—CLAIMS OF THIRD PERSONS—TRIAL BY SHERIFF'S JURY.
    The verdict of a jury impaneled by the sheriff to try the validity of a claim by a third person to property levied on (Code Civ. Proc. § 1418) is not such a judicial determination as may be reviewed, in the absence of an express statutory provision authorizing a review, since it is not conclusive as to the ownership of the property (Code Civ. Proc. §§ 1419, 1420), and therefore a motion will not lie to set aside such verdict.

Appeal from special term, New York county.

Action by Eli M. Cohen against the Climax Cycle Company for goods sold and delivered. Plaintiff obtained a judgment, on which execution was issued. A levy was made under the execution, and one Ignatz Goldfinger presented a claim to the property levied on. Thereupon the sheriff impaneled a jury to try the validity of the claim. The jury found for claimant, and plaintiff moved to set the verdict aside. The motion was denied, and plaintiff appeals. Affirmed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Henry Hoelljes, for appellant.
Charles L. Kingsley, for respondent.

INGRAHAM, J. The question here presented is novel, no case in this state having been called to our attention in which such a motion has ever been made. From the facts it appears that the sheriff having levied upon certain property under an attachment against the defendant, the Climax Cycle Company, one Goldfinger made a claim to such property, and filed a notice of such claim with the sheriff; that subsequently the sheriff impaneled a jury to try the validity of the claim; and that, such jury having found in favor of the claimant, the

defendant moved at special term to set aside the verdict on the ground that it was not sustained by the evidence before the sheriff's jury, thus endeavoring by a motion to review the action of the sheriff's jury in trying this claim to the property levied upon by the sheriff. There is no authority in the Code for such a proceeding. There is no provision allowing a review of the action of the sheriff's jury in determining the validity of such a claim. The jury is summoned by the sheriff, and presided over by him; and the only effect of the verdict is that, in case it is in favor of the claimant, the execution or attachment creditor is compelled to give a bond of indemnity to the sheriff, to protect him as against such claimant. Code Civ. Proc. §§ 1418, 1419. By section 1420 it is expressly provided that, if the property is found to belong to the defendant, the finding shall not prejudice the right of the claimant to sue the sheriff for a recovery of the property. It is quite evident from a review of these provisions of the Code that this determination by the sheriff's jury is not such a judicial determination as would entitle either party to review it, in the absence of an express provision authorizing such a review. No provision is given for bringing in the parties interested, or allowing them to be heard before the sheriff's jury; the evident intent being to provide a summary method by which the sheriff may cause an investigation to be made as to the title of any one claiming goods upon which he has levied, upon which to base a demand on the execution or attachment creditor for a bond of indemnity to protect him as against a claimant of the property. The whole policy of the act would be defeated if, upon this summary application, appeals or applications to review the action of the sheriff's jury should be allowed, thus entailing upon the parties the expense of a regular litigation. From the case cited by the counsel for the respondents, it would appear that, under the practice at common law in England, such a proceeding by a sheriff was authorized; but Lord Kenyon, in the court of king's bench, determined that the parties to the action, not being bound by the verdict, had no right to interfere and have the verdict set aside. Roberts v. Thomas, 6 Term R. 88. We think that the same reason for refusing to permit a party to interfere applies under our Code, as neither party is bound by this verdict of the sheriff's jury, as it is a mere inquiry by the sheriff to determine whether he should require the execution or attachment creditor to give a bond of indemnity to protect him in holding the goods or property levied upon as property subject to such levy.

We think the order appealed from was right, and it is affirmed, with costs. All concur.