### SHAW v. DUNN.

(Supreme Court, Appellate Division, First Department.   December 20, 1907.)

1. ATTACHMENT—CLAIMS OF THIRD PARTY—FINDINGS OF SHERIFF'S JURY.
   There is no provision of law allowing a review by motion or otherwise
   of the action of a sheriff's jury impaneled to try the validity of claim
   of a third person to property attached.

2. SAME—BOND BY PLAINTIFF.
   Under Code Civ. Proc. §§ 657, 658, authorizing a jury to try the
   claim of a third person to property attached, and permitting the sheriff
   to deliver the property to the claimant unless an indemnifying under-
   taking is given, plaintiff in attachment can, by giving a satisfactory under-
   taking, recover the property, though he cannot review the finding of the
   jury.

Appeal from Superior Court, New York County.

Action by James G. Shaw against B. Sherwood Dunn.  Appeal
by defendant from a portion of an order.   Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-
LAUGHLIN, CLARKE, and HOUGHTON, JJ.

John Henry Hammond, for appellant.

HOUGHTON, J.  The plaintiff obtained an attachment and de-
livered the same to the sheriff of New York county, who levied upon
certain railroad bonds alleged to belong to the defendant.  A third
party made claim to the bonds, and thereupon the sheriff impaneled
a jury to try the validity of such claim.  By their verdict the jury
found that the bonds belonged to the claimant at the time of the levy,
and fixed their value.  The plaintiff claimed that the inquisition was
improperly conducted, and moved at Special Term to set aside the
verdict of the jury, and to enjoin the sheriff from releasing the bonds
from the levy and from delivering them to the claimant.  An order
was made restraining the sheriff from such delivery on condition that
the plaintiff execute and deliver to him a surety company indemnifying
undertaking in the sum of $45,250.

The motion should have been denied.  There is no provision of
law allowing a review, by motion or otherwise, of the action of a
sheriff's jury impaneled to try the validity of a claim of a third per-
son to property attached.   Cohen v. Climax Cycle Co., 19 App. Div.
158, 46 N. Y. Supp. 4.   Such a jury is permitted by sections 657 and
658 of the Code of Civil Procedure to be impaneled to try such a claim
for the purpose of enabling the sheriff to demand from the plaintiff
indemnity against the claim of a third party.   Unless such indemnify-
ing undertaking be given, the sheriff is permitted to deliver the prop-
erty to the claimant; and, if it be given, he must retain the property

under his levy. Section 658 prescribes the kind of undertaking, the kind of sureties, and how they shall justify, and before whom and what notice shall be given. The plaintiff could have given an undertaking with two sufficient sureties who satisfactorily justified, and it was improper to confine him to an expensive surety company bond, even if the order was otherwise proper. The proceeding is plainly stated in the sections of the Code referred to, and complication has arisen from the plaintiff mistaking his right to move to set aside the verdict of the sheriff's jury. The better way to clear up the matter is to reverse the order, and thus remit the plaintiff to the practice prescribed by the Code.

The order should be reversed, and the motion denied, without costs. All concur.