(39 Misc. Rep. 662.)

MINOR v. GURLEY et al.

(Supreme Court, Special Term, New York County. January, 1903.)

1. ATTACHMENT—CLAIM OF THIRD PERSON—SHERIFF'S JURY.
    A debt, though incapable of manual delivery, is "goods or effects," within Code Civ. Proc. § 657, authorizing a sheriff, on levy of attachment and filing claim by a third person, to proceed by sheriff's jury to try the title of the attached property for the purpose of obtaining a bond.

Action by Edward S. Minor against William B. Gurley and others. Motion by plaintiff denied.

Noble, Hasbrouck & Davis, for plaintiff.

Van Ingen, Seibert & Paddock, for defendants.

John J. Adams, for sheriff.

FITZGERALD, J. Section 649 of the Code of Civil Procedure provides how a levy under a warrant of attachment is to be made; by its first subdivision "upon real property," by its second subdivision "upon personal property capable of manual delivery," and by its third subdivision upon "other personal property." The words "other personal property," as used in this subdivision, must be held to apply to personal property not capable of manual delivery. The sheriff, upon making the levy, may become liable in two ways—to a claimant for an improper levy, or to the plaintiff for failure to make a proper levy. To protect him under such conditions, provision is made for trying the claim by a sheriff's jury; and while it is undisputed that such a proceeding is regularly provided for regarding the kinds of property embraced in the first and second subdivisions of the before-mentioned section, it is insisted that there is no authority in law for determining a claim to intangible property incapable of manual delivery, and an order is asked for restraining the sheriff from proceeding by a sheriff's jury to try the title of attached property for the purpose of obtaining a bond (sections 657, 658), a notice of claim by third parties as owners of the property in question having been regularly served upon him. The property attached is a chose in action, a debt; and the attaching creditor contends that the sheriff must proceed to reduce it to a chose in possession first, and thereafter try the question of title. Reliance for this contention is reposed upon the phrase "goods or effects," as used in section 657. These words, it is argued, are words of limitation, and embrace only tangible property. The question is a novel one, and I have not been referred to any adjudication in this state defining the phrase. In State v. Newell, 1 Mo. 248, it was held that " 'effects' in law must mean everything which is subject to the laws of property and ownership, whether real or personal; and of the personalty, whether of possession or in action." The sole purpose of trying claims by sheriff's jury under the common law and by the Code provisions has at all times been to protect the sheriff; to enable him to require a bond from the attaching creditor or release the levy. As was said by Ingraham, J., in Cohen v. Climax Cycle Co., 19 App. Div. 159, 46 N. Y. Supp. 5, it is "a summary method by which the sheriff may cause an investigation to be made as to the title of any one claiming goods upon which he has levied; * * * and the only effect of the verdict is that, in case it is in favor of the claimant, the execution or attachment creditor is compelled to give a bond of indemnity to the sheriff to protect him as against such claimant." The finding of such jury has never been held to be decisive on the question of title. By section 1420 it is provided in express terms that the finding shall not prejudice the right of the claimant to sue the sheriff for a recovery of his property. It would be straining the statute

harshly against a public officer to hold, in the absence of express language to that effect, that while, as to some kinds of property levied upon, he was entitled to protection, as to other kinds of property he was required to levy or refuse to levy at his peril; but conceding that the position of plaintiff is correctly taken, his rights can in no way be affected by the proposed action of the sheriff, for, if that action is without warrant in law, the findings of the jury would be a nullity.

Motion denied, with $10 costs.