## MONTAGNINO v. MINOLFI.

(Supreme Court, Special Term, Kings County.　July 15, 1916.)

1. ATTACHMENT ⊙➾312—CLAIM OF THIRD PARTY—VERDICT OF SHERIFF'S JURY —REVIEW.

The finding of a sheriff's jury upon a third party's claim to goods attached cannot be reviewed by the Supreme Court; but a motion to set aside the finding, based upon the claim that there was no finding by the jury, and that the finding was in fact made by the sheriff, does not seek to review any finding of a jury.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1117–1119; Dec. Dig. ⊙➾312.]

2. ATTACHMENT ⊙➾312—CLAIM OF THIRD PARTY—VERDICT—MOTION TO SET ASIDE.

Where there are no answering affidavits, the facts must be taken as stated in the moving papers upon a motion to set aside the finding of a sheriff's jury.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1117–1119; Dec. Dig. ⊙➾312.]

3. ATTACHMENT ⊙➾310—CLAIM OF THIRD PARTY—SHERIFF'S JURY—VERDICT —VALIDITY.

Code Civ. Proc. § 657, authorizes the sheriff to impanel a jury to try a third person's claim to goods attached, and section 108, provides the procedure to be followed, refers to the proceedings as the trial, and provides for the examination of witnesses in behalf of the claimant and of the plaintiff, authorizes the sheriff to issue subpœnas, and declares that all witnesses shall be sworn and examined orally in the presence of the jury.　On the claim of a third party to goods attached, the sheriff impaneled a jury, and the claimant's affidavit, which was his only proof, was read to the jury, and the examination of claimant as to his title and right to possession was excluded, and the jury were handed a printed finding, filled in and stating that the right of possession was in the claimant, and directed to find for the claimant; but the jury, after objecting that there was no evidence, and after exacting the sheriff's recital in the finding that it was signed at his direction, signed it.　*Held*, that the finding was not that of the jury, and was null and void, and would be set aside, and a new inquisition had.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 1114; Dec. Dig. ⊙➾310.]

Action by Michelangelo Montagnino against Salvatore Minolfi, with writ of attachment, in which a third party filed a claim to the goods. Directed verdict of sheriff's jury for claimant, and plaintiff moves to set aside the verdict.　Verdict set aside, and a new inquisition to be had.

Joseph Nicchia, of New York City, for plaintiff.
Peter B. Hanson, of New York City, for Sheriff.

CROPSEY, J.　In this action the plaintiff obtained a writ of attachment under which the sheriff seized some goods.　A third party then filed a claim to the goods.　Thereupon the sheriff impaneled a jury, presumably acting under the provisions of section 657 of the Civil Code.　An account of the proceedings before the sheriff and the jury is certainly interesting, if not enlightening.　It appears that the

claimant offered no proof whatever in support of his claim, but that the affidavit which he had filed was read to the jury. Plaintiff's attorney then called the claimant, and attempted to examine him concerning the title of and the right of possession to the goods in question. All questions along these lines were excluded by the sheriff. Later the jury retired, having been handed by the sheriff a printed form of finding, filled in with ink, stating that the right of possession to the property was in the claimant. The jury, however, refused to sign such a finding, and, returning, so notified the sheriff, stating that there was no evidence that the claimant was the owner. Thereupon the sheriff stated:

"I direct you to find for the claimant. Go back and find for the claimant."

One of the jurors then stated that there was no evidence upon which to base such a finding, to which the sheriff replied:

"There is an affidavit, and that is sufficient, and I direct you to find for the claimant."

Another juror asked if the trial of such a matter before the sheriff was analogous to that in a civil action, and to this the sheriff replied, "Yes." The juror then stated that the affidavit could not be read as evidence in an action in court. Another juror asked the sheriff if he would incur any liability upon signing the paper as directed, and the sheriff replied that he would not. The juror then stated that he would not sign the paper unless it recited that it was signed at the direction of the sheriff. Such a statement was then written in the paper, and the jurors signed it in accordance with the direction of the sheriff.

[1-3] The plaintiff's attorney moves to set aside the finding of the jury. The finding of a jury in such a proceeding cannot be reviewed by the court. Cohen v. Climax Cycle Co., 19 App. Div. 158, 46 N. Y. Supp. 4; Shaw v. Dunn, 122 App. Div. 736, 107 N. Y. Supp. 777. But this motion does not seek to review any finding of a jury. This application is based upon the claim that there was no finding by the jury; that the finding was in fact by the sheriff. There are no answering affidavits; hence the facts must be taken as stated in the moving papers, and they have been briefly stated. Upon those facts the verdict as finally recorded was not the verdict of the jury. The jury's verdict was the one announced, namely, that they could not and did not find for the claimant. This is the verdict which should have been entered by the sheriff. Everything that transpired thereafter was wholly illegal, and cannot be effective for any purpose.

When the sheriff impanels a jury in such a proceeding, it is "to try the validity of the claim." Section 657, Civil Code. The procedure to be followed is stated in section 108 of the Civil Code. There the proceeding is referred to as a "trial," and provision is made for the examination of witnesses on behalf of the claimant and the plaintiff; the sheriff is given power to issue subpoenas, and all witnesses must be sworn "and examined *orally* in the presence of the jury," and false swearing is made perjury. The hearing before the sheriff certainly did not resemble a trial. The claimant called no witness to prove his claim, but the sheriff admitted his affidavit in evidence. It may be

that, as this court cannot review the finding of such a jury, had the jury in fact found for the claimant, although it had no proof before it other than the affidavit, its finding could not have been reviewed or reversed. But, as has been stated, the alleged finding was not that of the jury. If the sheriff in such a matter can direct the jury to find as he thinks proper, then there is no need for having the jury. The fact that provision is made for a jury seems to show that it is the verdict of the jury which must be taken. To hold otherwise would be to make the whole proceeding ludicrous and meaningless. That is what it was in this case.

The verdict which has been entered by direction of the sheriff must therefore be set aside, as it is null and void, and a new inquisition had, to be taken in accordance with law.