FRANCIS TOWNSEND, Respondent, *v.* HENRY BARGY, Appellant.

In an action to recover possession of personal property by one having a special interest therein, against the general owner, the value of the property as found should not exceed the value of the special interest.

(Argued January 14, 1874; decided May term, 1874.)

THIS was an action to recover possession of personal property. The property claimed was taken from defendant and delivered to plaintiff.

The referee found, in substance, that on the 11th of May, 1870, plaintiff executed and delivered to defendant his note, by which he promised to pay defendant sixty days after date, $100, in hemlock shingles, at four dollars per thousand, and,

as collateral security, executed and delivered to defendant a chattel mortgage, upon the property in question. The mortgage contained the usual clause authorizing the mort- gagee to take possession at any time when he deemed himself unsafe. On the fourteenth of May defendant took possession of the property, and on the sixteenth plaintiff delivered 25,000 shingles, which were received by defendant, and tendered three dollars costs, which defendant refused to receive, and refused to deliver up the property on demand. The referee found the value of the property $150, and that defendant was entitled to possession, and directed judgment for defendant for the return of the property or its value.

Evidence was given on the trial tending to show that the agreement between the parties was that the shingles were to be three dollars per thousand, and that by the fraud of plain- tiff four dollars was inserted in the contract; that after the defendant seized the property he charged the plaintiff with the fraud, and refused to give up the property unless he would rectify the fraud; that plaintiff then agreed that he would deliver 33,333 shingles by the next Wednesday morn- ing and pay five dollars costs, and that defendant might retain the possession of the property to secure the perform- ance of this agreement; that afterward plaintiff delivered 25,000 and tendered three dollars costs and demanded the property; and on Wednesday morning took the property, under and by the proceedings in this action. *Held*, that while upon the specific facts, as found by the referee, the judgment should have been for plaintiff, yet, that in support of the judgment it might be assumed that the referee found the facts said evidence tended to prove; and as they were not inconsistent with the facts found they might be included in the general finding, that defendant was entitled to possession.

It was urged by plaintiff's counsel that this verbal mortgage or pledge, not being set up in the answer, could not be con- sidered. *Held*, that as it was proved without objection, the answer must be deemed sufficient.

But *held*, that findings as to the value of the property should have been limited to the value of defendant's inter-

est; and he having received seventy-five dollars worth of shingles, the amount remaining due on the contract, twenty-five dollars, with five dollars costs and the interest thereon to the time the judgment was rendered, in all $31.52, was the value as it should have been inserted in the judgment.

*Amasa J. Parker* for the appellant.

*Hudson Ansley* for the respondent.

EARL, C., reads for reversal and new trial, unless defendant will modify the judgment so the same will award him for the value of the property, in case return cannot be had, the sum of $31.52; in which case, judgment affirmed, as modified

All concur.

Judgment accordingly.

(Argued January 14, 1874; decided May term, 1874.)