### SAVELLE *v.* WAUFUL *et al.*

(*Supreme Court, General Term, Fourth Department.* December 12, 1890.)

1. EXECUTION—PROPERTY SUBJECT TO—PURCHASER AT CONDITIONAL SALE.
   Plaintiff delivered a pair of horses to one A., under an agreement to sell the horses to A., $50 being paid in cash, and the residue to be paid in installments, but the title was to remain in plaintiff until the horses were fully paid for. *Held*, that A. had an interest in the horses which was subject to sale under execution.
2. REPLEVIN—WHEN LIES—CONDITIONAL SALE.
   Where possession of chattels is delivered to the purchaser under a conditional sale, and part of the price is paid, the seller has neither the possession nor the right to the possession, and cannot maintain replevin against the sheriff, who takes the chattels under execution against the purchaser.

Replevin by John Savelle against George W. Wauful and others. Plaintiff moves to set aside a verdict directed for defendants, and for a new trial on the minutes. Motion denied. For former report, see 13 N. Y. Supp. 953, *mem.*

*James A. Ward*, for plaintiff. *John Conboy*, for defendants.

KENNEDY, J. The action is replevin to recover a pair of horses claimed by plaintiff to have been wrongfully taken by the defendants. The facts as they appeared upon the trial are these: On the 3d day of March, 1890, the plaintiff was the owner of the horses in question. On that day he entered into an agreement with one H. Austin, by which the former agreed to sell them to the latter for the sum of $250; $50 of the purchase price to be paid down by Austin, and the balance in 4 payments, of $50 each, in 3, 6, 9, and 12 months, with interest. It was further agreed that the possession of the horses should pass to Austin, but that the title should remain in the plaintiff until they were fully paid for. Austin paid the $50, and gave his four notes, due, respectively, in 3, 6, 9, and 12 months, which contained the following clause: "For part purchase price of one team of horses and harness, which shall be and remain the property of John Savelle [the vendor] until paid for in full." The vendor delivered possession of the horses to the vendee, and he retained it until levied on, as hereinafter stated. The defendant Wauful held a judgment against Austin upon which an execution was issued and delivered to the defendant Casler, who was sheriff of Lewis county, for collection. The defendant Waterman was his deputy, and received the execution from said sheriff; and on the 4th day of April, 1890, he levied upon the horses then in Austin's possession, and took them into his possession. While he so held them upon said levy, and before sale, and on the 16th day of April, 1890, the

plaintiff commenced this action in replevin to recover the property and its possession. Upon these facts the court directed a verdict for the defendants. The plaintiff moves to set aside said verdict, and for a new trial upon the minutes. At the time the sheriff made the levy, the defendant in the execution, Austin, had the actual possession of the horses, and the right to retain the same until there was a default in the payment of some part of the purchase money unpaid. The first installment became due in three months after March 3, 1890, or on June 6th of the same year. He had also paid $50 on the purchase price. The plaintiff, at the time he commenced the action, had neither the possession, nor the right to the possession, of the horses, and could not, therefore, maintain replevin. Code Civil Proc. § 1690, subd. 3. The defendant in the execution, Austin, the vendee, had an interest in the property which was the subject of a levy and sale upon an execution against him. The rule is regarded well established that a judgment creditor of a conditional vendee, who has a right to the possession of property until default in payment, who has paid a part of the purchase money, may levy upon the property, and in doing so is not liable to an action therefor. If the interest of the vendee is sold, the purchaser takes his place, and upon paying the vendor the full purchase price unpaid becomes the absolute owner. *Herring* v. *Hoppock*, 15 N. Y. 409; *Ballard* v. *Burgett*, 40 N. Y. 314; *Frank* v. *Batten*, (Sup.) 1 N. Y. Supp. 705. The motion should therefore be denied. An order will be entered denying the motion, with $10 costs to the defendant.