WILLIAM DUFFUS, Respondent, *v.* CHRISTOPH SCHWINGER and Others,) Appellants.

*Agency — not proven by the declarations of the agent — action to recover a chattel — value fixed as of the time of trial.*

The fact of agency cannot be proven by the declarations or acts of the alleged agent, and upon the trial of an action the declarations of an alleged agent are inadmissible in evidence for that purpose.

In an action brought to recover a chattel or the value thereof, and damages for its unlawful detention, the value of the chattel to be fixed under the provisions of section 1726 of the Code of Civil Procedure is its value at the time of the trial.

*Semble,* that the fact that the value of the chattel was fixed by the verdict of the jury as of the time of the demand therefor, instead of being fixed as of the time of the trial, is a good ground for a new trial, although an exception was not taken.

APPEAL by the defendants, Christoph Schwinger and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 16th day of August, 1893, upon the verdict of a jury rendered after a trial at the Onondaga Circuit, and also from an order entered in said clerk's office on the 5th day of February, 1894, denying the defendants' motion for a new trial made on a case containing exceptions.

The action was brought for the recovery of the possession of a canal boat called the *Kenyon and Newton*. The jury found for the plaintiff, and fixed the value of the boat at $800, and $2,500 for the damages sustained by its detention. By the judgment it is adjudged that the plaintiff recover of the defendants "the possession of the personal property described in the complaint, or $800 in case a delivery of said property cannot be had, with $2,500 damages for detention," besides the costs.

*George W. Cothran*, for the appellants.

*Walter S. McGregor*, for the respondent.

MERWIN, J. :

This action was commenced on the 25th of November, 1890. It is alleged in the complaint that prior to October, 1890, the plaintiff was the owner of three mortgages upon the boat in question, upon each of which default had been made, by reason whereof the plaintiff was the owner of the property, and had the right to sell the same to make the amount of the mortgages. The mortgages are set out in full. It was also alleged that one Baxter had a prior claim for repairs, upon which, on the 14th of October, 1890, a suit was commenced and the boat taken into the possession of the United States marshal; that on the 16th of October, 1890, the claim of Baxter was transferred to plaintiff, and also the possession of the boat, and that plaintiff then took possession by virtue of said transfer and of his rights under his mortgages; that on the 18th day of October, 1890, at the city of New York, and while the property was owned by and in possession of the plaintiff, the defendants wrongfully took and converted it to their own use; that the value of the property is $2,000; that before the commencement of the action the plaintiff duly demanded of the defendants the possession and delivery, which were refused. In a second count a wrongful taking and detention is alleged and a demand and refusal to deliver, and that the damages for the detention are $500. Judgment was demanded for the recovery of the possession, or for the value thereof in case a delivery could not be had, together with $500 damages for detention. This amount was afterwards by order of court allowed to be increased to $2,500. In the answer all the allegations of the

complaint are denied except the demand before suit, and it is averred that the defendants did not have possession at the time of the demand or at any other time. It is also alleged that the boat was sunk or destroyed by reason of a storm while lying in the waters of New York, and without any fault or negligence of the defendants, and while the same was not in their possession or control.

Upon this appeal no question is made by the defendants about the validity of plaintiff's mortgages. It is for the purposes of the argument conceded by them that there were moneys due on each of the mortgages; that they were all prior to a mortgage given to the defendants on November 1, 1889, and that the plaintiff was entitled to take possession of the boat. It is, however, insisted that the evidence is not sufficient to charge them with the taking or conversion of the boat, or to establish the proposition that Sherman Petrie, by whose act or procurement the conversion, if any, took place, was the agent of the defendants, and that on this subject incompetent evidence was received. The main controversy is over the question whether Petrie was the agent of the defendants at the time of the alleged conversion. The claim of the plaintiff is that the defendants sent their mortgage to Petrie with directions to foreclose it, and that in pursuance of this he took possession of the boat for the defendants and refused to deliver it to plaintiff. The claim of the defendants is that on the 9th of October, 1890, they assigned their mortgage to Petrie and had nothing whatever to do with it thereafter, and that Petrie was in no respect their agent. The boat was at a pier in New York city. The plaintiff lived at Syracuse and the defendants lived at or near Tonawanda.

Upon the trial the plaintiff, after giving proof of his mortgages and the debts as security for which the mortgages were given, and the mortgage given to defendants to secure the sum of $130 and dated November 1, 1889, gave evidence tending to show that on the 16th of October, 1890, Petrie had in his possession the mortgage given to the defendants, and under it claimed to be in possession of the boat in behalf of the defendants, and that on the 18th of October, 1890, Petrie, assuming to act as agent for defendants, was in possession of the boat, and sold or directed its sale at auction on foreclosure of defendants' mortgage, and stated that it was bid in for the defendants, and that upon that day, as well as on the sixteenth and

seventeenth of October, he refused to allow the agent of plaintiff to have possession of the boat. It appeared that nothing occurred between Petrie and the plaintiff or his agent before the sixteenth of October or after the eighteenth. The plaintiff then called as a witness one Carter, who testified, among other things, to a conversation between himself and Petrie on the eleventh or twelfth of October, and also to a conversation on or after the nineteenth of October, in each of which Petrie in substance said that he was the agent of the defendants and authorized to act for them in the foreclosure. These conversations were in due time objected to by the defendants, on the ground that the agency of Petrie could not be proved by the declarations of the assumed agent, and the objection was overruled and exception duly taken.

These declarations were not competent. The fact of agency cannot be proved by the declarations or acts of the alleged agent. (*Stringham* v. *St. Nicholas Ins. Co.*, 4 Abb. Ct. App. Dec. 320; *Marvin* v. *Wilber*, 52 N. Y. 270; *Brigham* v. *Peters*, 1 Gray, 139.) In *Gould* v. *The Town of Sterling* (23 N. Y. 463) it is said that no representation of the agent as to the fact of his agency, or as to the extent of his power, is of any force to charge the principal. In *Scott* v. *Stevenson* (3 Hun, 352) it was held that an authority to transfer a note in behalf of the payee cannot be implied from the fact of its possession by the person assuming to act as agent of the payee in transferring it. In *Howard* v. *Norton* (65 Barb. 161) it was held that representations by a party that he was the agent of another, are incompetent for any purpose, except to prove that he so held himself out to the person with whom he dealt, and that similar representations to third parties were wholly inadmissible, it being said that "such evidence must have influenced the jury in passing on the question of authority, and for that purpose it was wholly incompetent." This seems to have been the ground on which in that case a new trial was ordered.

In the present case Carter, with whom the conversations were had, was an outsider. He did not represent the plaintiff. He had then nothing to do with the plaintiff in regard to the matter here in controversy, so that the conversations cannot be properly called a part of the transaction in question. The evidence was not admissible for the purpose of characterizing any acts between plaintiff and

Petrie. Nor, as the case is here presented, is there anything that obviates the error in the ruling or prevents the defendants from receiving the benefit of the exception. Whether without this evidence the plaintiff made a case for the jury is not important here to determine.

Evidence was given on the subject of the value of the boat at the time of the taking in October, 1890. There was no evidence of the value at the time of the trial in May, 1893, except that some circumstances were shown pointing, perhaps, to the conclusion that the boat was lost or destroyed soon after October, 1890, so that at the time of the trial it might be deemed to be worthless. The course of the trial indicates that the value of $800 fixed by the jury was the value as determined by them to be in October, 1890. The verdict itself does not fix the date. Under the Code of Civil Procedure (§ 1726) the value to be fixed is the value at the time of the trial. No point seems to have been raised at the trial about it, or on the motion for a new trial, except the general grounds were taken that the verdict was contrary to law, and the damages were excessive. If the value as fixed is to be deemed a finding of the value at the time of the trial, as I am inclined to think it should be, then it should be said that the evidence does not sustain it. In *Button* v. *Chapin* (7 N. Y. Civ. Proc. Rep. 278), where the value was fixed at the time of the demand instead of at the time of the trial, it was held that this was a good ground for a new trial, notwithstanding an exception was not taken.

The damages for detention from October, 1890, to May, 1893, were fixed at $2,500. There was evidence on part of the plaintiff tending to show that the use of the boat during the boating season was worth from five to ten dollars a day, so that the figure of the amount for detention might possibly be reached. If, as the jury probably thought, the value of the boat in October, 1890, was $800, it would seem quite remarkable that the value of its use for two years would reach the sum of $2,500.

The amount of the claims of the plaintiff at the time of the trial was the sum of $1,732.93. The recovery is for $3,300. Whether in any event the plaintiff can recover more that the amount of his claims is a question that is not discussed by counsel and need not be here determined. (See *Townsend* v. *Bargy*, 57 N. Y. 665.)

By reason of the admission of the declarations referred to, and the finding as to the value of the property, there should be a new trial ordered.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event.