(43 App. Div. 605.)

### NATIONAL CASH–REGISTER CO. v. AGNE et al.

(Supreme Court, Appellate Division, Second Department.   October 17, 1899.)·

REPLEVIN—VALUE—PURCHASE PRICE.

> Plaintiff sold defendant a cash register on the installment plan under a contract which provided that the title should remain in plaintiff until it had received the full purchase price of $250. Some time afterwards, on default in payment of an installment, plaintiff brought replevin, the only testimony as to the value of the register being evidence of the purchase price. Code Civ. Proc. § 1726, provides that in replevin the value of the article shall be fixed at the time of the trial. *Held*, that an alternative judgment that plaintiff recover the possession of the register or the sum of $250· and costs is erroneous, as not being based on competent evidence of the value at the time of the trial.

Appeal from municipal court, borough of Brooklyn, First district.

Action of replevin by the National Cash-Register Company against William E. Agne and another. From a judgment in favor of plaintiff, defendants appealed. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Max Meyer, for appellants.

William L. Perkins, for respondent.

HATCH, J. The action is replevin, and the property replevied is a cash register, delivered by the plaintiff to the defendant Bernard's Pharmacy, and assigned by the latter to the defendant Agne, under a conditional contract of sale, which stipulated that the title to the property should remain in the plaintiff until the purchase price was fully paid. The purchase price had been fully paid at the time the action was instituted, except the sum of $15.60. Judgment has been rendered in favor of the plaintiff for the recovery of the property, and, in default of its delivery, for the sum of $250, and the costs of the action, amounting to the sum of $26.50. For a debt of $15.60 it is possible, therefore, that the plaintiff may receive $276.50. That such a result may be reached requires a careful scrutiny of the proceedings producing it. The judgment should not be sustained unless the plaintiff establishes a certain, fixed legal right entitling it thereto. It was conceded upon the argument, and examination of the record confirms the concession, that the only evidence of value of the chattel replevied was its purchase price, and it is upon this evidence alone that the court assessed its value. The contract of purchase bore date the 14th day of June, 1897, and the register was delivered at that time. The action was instituted by the service of a summons on March 14, 1899. Trial was had on the 4th day of the following April, and judgment passed against the defendant on the 11th of that month. It is evident, therefore, that the assessment of value was made to depend upon what the property was worth on the 14th day of June, 1897, as measured by its purchase price. The Code of Civil Procedure (section 1726) requires that the value of the chattel shall be fixed "at the time of the trial." Of the value at that time there was no evidence. This was a ma--

terial question, and failure to observe the Code provision constitutes legal error. Button v. Chapin, 7 Civ. Proc. R. 278; Duffus v. Schwinger, 79 Hun, 541, 29 N. Y. Supp. 930. The purchase price of property, when sold for cash, is in some cases evidence of value, but such rule does not have application where the sale, as here, was for credit, with payment to be made upon the installment plan. But in no event can such rule have application to the present case, for, as we have seen, the statute requires the value to be determined as of the time when the trial was had. As there was a failure of compliance with this rule, the judgment should be reversed, and a new trial ordered.

Judgment of the municipal court reversed, and new trial ordered in the same district in which the action was originally brought; costs to appellants to abide the event. All concur.