ARTHUR J. SPRAGUE, Appellant-Respondent, v. C. FLETCHER KING, Respondent-Appellant.

APPEALS from a judgment and from an order modifying the judgment.

William N. Barry, for appellant-respondent.

Wilber & Hart, for respondent-appellant.

FREEDMAN, P. J. There are two appeals in this action:

I. An appeal by the plaintiff from the judgment rendered April 29, 1901, in the Municipal Court, sixth district, borough of Manhattan, and II. An appeal by the defendant from an order, made May 23, 1901, by the trial judge, modifying the judgment.

This action was in replevin, and the complaint alleged a "wrongful detention" from the plaintiff, by the defendant of two pianos valued at $500.

The answer denied the wrongful detention and set up a lien upon the property for storage, insurance, care, etc. The property was taken from the possession of the defendant by virtue of the writ of requisition issued in the action, and was delivered to the plaintiff. After a trial of the issues the court rendered a judgment in favor of the defendant "for a return to the defendant of the chattels taken on replevin to-wit: 2 pianos, value 500." Subsequently, and upon motion of the plaintiff's attorney the judgment was modified or amended by the trial judge by adding the

words " but without prejudice to the commencement by plaintiff of a new action for the recovery of the chattels upon the merits."

The plaintiff, as appellant, claims, in substance, that the case was decided upon a purely technical ground, viz.: want of a demand upon the defendant for the return of the property before the action was commenced, that, if a demand was necessary and for that reason any judgment was rendered for the defendant, it should have been for costs and not for the return of the property; that if the decision was upon the merits, the value of the defendant's lien, only, should have been determined by the judgment, and that the judgment as entered was a bar to another action upon the merits.

The defendant, as appellant, claims that the case was decided upon the merits, and that the court below had no authority or power to modify or amend the judgment by the order above referred to.

The material facts in the case are undisputed.

The plaintiff in 1897 or 1898, purchased the two pianos in question and loaned them to a firm known as the " Orms Co." of which the plaintiff's brother was a member. They remained in the possession of the Orms Co. until March, 1899, when that company, by E. N. Ogden, its president, placed them in the hands of the defendant, who was to store and care for them and exhibit them to visitors, for which he was to have an agreed price of fifteen dollars per month. It was not until January, 1901, that the defendant learned that the plaintiff claimed to own the instruments, and thereupon he immediately wrote plaintiff two letters demanding payment for the amount due him for rent, etc. These letters were produced upon the trial by the plaintiff, who admitted their receipt, but says he paid no attention to them in any way except by bringing this suit in March, 1901.

The judgment as rendered and as modified is erroneous.

By section 1727 of the Code of Civil Procedure, it is provided that when the plaintiff is the general owner of the property replevied, but the defendant has a special property therein, the verdict, report, or decision shall not fix the value of the chattel replevied, but only the value of the special property of the defendant therein.

Section 1730 provides that in a case specified in section 1727 the final judgment in favor of the defendant (in cases where the property has been delivered to the plaintiff) must award to him

the sums therein specified (that is, the value of his special property therein) and if it is not collected the delivery of the chattel.

Section 1731 provides the form of the execution to be issued in such cases.

In the case at bar there is no claim made that the plaintiff is not the general owner of the property, and there was nothing shown in contradiction of the claim of the defendant to a special property therein. In addition to the fact that the plaintiff had permitted the Orms Company to deal with the property as its own, there was evidence tending to show that, as early as July, 1899, nine months before he begun this action, he knew where and under what arrangements with the company the defendant held the pianos. Neither does the plaintiff dispute the amount of the defendant's lien which was shown upon the trial to be the sum of $345.

This court must render " its judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits." Code Civ Pro., § 3063.

The judgment herein should be modified by fixing the value of the special property of the defendant in the chattels at the sum of $345, directing judgment for that amount in his favor, and for a return of the property if the amount of such judgment cannot be collected.

This disposes of both appeals and neither party should have costs.

Judgment modified by fixing the value of the special property of the defendant in the chattels replevied at the sum of $345, with costs in the court below and directing that in case that amount cannot be collected the defendant have a return of the property replevied with no costs to either party upon this appeal.

GIEGERICH and GREENBAUM, JJ., concur.

Judgment modified.