GILROY v. EVERSON HICKOK CO. et al.

(Supreme Court, Appellate Division, First Department. April 20, 1905.)

1. REPLEVIN—REMEDY IN EQUITY.

Where possession of a chattel has been delivered unconditionally by the seller to the purchaser, and such purchaser has transferred to another its legal title, replevin against the latter by the receiver of the original seller will not lie on the theory that the conditions on which the

property was first sold and delivered had not been complied with; any remedy being in equity for rescission of contract.

2. SAME—DETERMINATION OF VALUE OF PROPERTY.

Code Civ. Proc. § 1726, requiring the verdict in replevin to fix the value of the chattel at the time of the trial, is not satisfied by fixing it, without any evidence, as stated in plaintiff's affidavit, made 27 months before the trial.

3. SAME—EXCEPTION TO DIRECTION OF VERDICT.

The question of error in not having the value of the property replevined fixed as of the date of the trial is sufficiently raised by exception to the direction of the verdict.

Appeal from Trial Term.

Action by Eugene G. Gilroy, as receiver of the Columbia Publishing Company, against the Everson Hickok Company and another. From a judgment for defendants, entered on a directed verdict, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Adams, for appellant.
Isaac N. Miller, for respondents.

LAUGHLIN, J.   This is an action in replevin by the receiver, supplementary to execution, of the property of the Columbia Publishing Company.   The Columbia Publishing Company by formal contract in writing sold and assigned the property sought to be replevined to the defendant the Everson Hickok Company, and executed and delivered a bill of sale of the property to said company. Prior to the commencement of the action the property was delivered to the Everson Hickok Company pursuant to the contract and bill of sale, and it had transferred the same to the defendant Hickok Printing Company by a formal bill of sale.   The theory of the plaintiff is that the conditions upon which the property was sold and delivered to the Everson Hickok Company had not been complied with, and that, therefore, title did not pass.   The difficulty with this contention, however, is that possession of the property had been delivered unconditionally; and that the Everson Hickok Company, having legal title to the property, transferred the same to the Hickok Printing Company.   It is therefore manifest that the receiver, who represents a judgment creditor of the Columbia Publishing Company, could not maintain an action in replevin, but his remedy, if any, was a suit in equity for the rescission of the contract, to the end that the legal title might be restored to the judgment debtor. The action, therefore, could not be maintained, and the dismissal of the complaint was proper.

Unfortunately, however, the judgment in favor of the defendant cannot be sustained, for the reason that the property, or the major part thereof, was replevined by the plaintiff, and remained in his possession at the time of the trial; and without the valuation thereof at the time of the trial being shown or found except as stated by the receiver in his affidavit, made two years and three months prior to the time of the trial, the judgment awards the possession of the

property to the Hickok Printing Company, and in case possession thereof cannot be delivered it awards personal judgment against the receiver for the value of the property as stated in his said affidavit, with interest thereon from the date the property was replevined. It is evident that the value of the property may have changed in the period of two years and three months intervening between the date of the affidavit of the receiver and the date of the trial. Section 1726 of the Code of Civil Procedure requires that the value of the property shall be determined as of the date of the trial. There was no evidence of the value of the property at the date of the trial, and this part of the judgment fixing the value in accordance with the affidavit of the receiver is not a sufficient compliance with the Code provision to which reference has been made. Duffus v. Schwinger, 79 Hun, 541, 29 N. Y. Supp. 930; Button v. Chapin, 7 Civ. Proc. R. 278; Cash Reg. Co. v. Agne, 43 App. Div. 605, 60 N. Y. Supp. 348; Allen v. Fox, 51 N. Y. 562, 10 Am. Rep. 641; Brewster v. Silliman, 38 N. Y. 423.

The complaint was dismissed on the opening of counsel for the plaintiff, and on the documentary evidence showing the contract of sale and the bill of sale from the Columbia Publishing Company to the Everson Company, and the bill of sale from the latter to the Hickok Printing Company. The appellant duly excepted to the direction of the verdict. This exception sufficiently raises the question.

It follows, therefore, that the judgment should be reversed, and a new trial granted with costs to appellant to abide event. All concur.