WALTER R. STONE, as Receiver for THE SYRACUSE HOTEL CORPORATION, Plaintiff, *v.* JOHN YOUNG, Defendant.

Supreme Court, Onondaga Special Term, May 3, 1924.

Corporations — subscription to stock — corporation having no assets except cash received from sale of stock — subscription contract providing for dividend from date of each installment payment is in violation of Stock Corporation Law of 1909, § 28, and contrary to public policy — unenforcible subscription agreement considered as loan would violate Stock Corporation Law of 1909, § 53, requiring cash payment of ten per cent — agreement tainted with illegality as to part of its consideration, void as to whole.

A subscription agreement for stock in a hotel corporation, entitling the purchaser to a six per cent dividend from the date of the payment of each installment of the purchase price until the beginning of the first quarter after which the corporate property shall be in operation, after which date the dividend shall be at the rate of eight per cent instead of six per cent, made at a time when the corporation had no income or property except the proceeds from the sale of its stock and was not engaged in business, was in reality an agreement to pay dividends from its capital in violation of section 28 of the Stock Corporation Law of 1909 (now Stock Corporation Law of 1923, § 58), and was contrary to public policy and void.

If the amount already paid by the purchaser upon his subscription be considered as a loan, there was a failure to include the cash payment of ten per cent required by section 53 of the Stock Corporation Law of 1909 (now Stock Corporation Law of 1923, § 67), and the contract is void and cannot be enforced against the subscriber.*

The agreement being tainted with illegality as to part of its consideration is void as to the whole and cannot be enforced.

MOTION by defendant, under rule 106 of the Rules of Civil Practice, to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

---

* Provision requiring cash payment of ten per cent was repealed by Laws of 1924, chap. 441.

*Hancock, Dorr, Spriggs & Shove,* for the plaintiff.

*Frank E. & Ray T. Young,* for the defendant.

EDGCOMB, J.   On December 1, 1921, defendant subscribed for 100 shares of the preferred capital stock of the Syracuse Hotel Corporation, and agreed to pay therefor the sum of $10,000 in five equal installments, commencing January 1, 1922, and ending May 1, 1923.   Seven days later he made a similar subscription for another 100 shares.   He has paid $13,000 in cash to apply on his subscriptions, leaving $7,000 unpaid.   This action is brought to recover the latter sum.

When these subscriptions were made the hotel, which the company intended later to operate, was in the process of construction, and the corporation had no assets, property or income except the cash received from the sale of its stock.

The agreement, which is the basis of this action, contains the following provision: " Interest at the rate of 6% on preferred stock to accrue, respectively, from the date of each installment payment until the beginning of the first quarter after date of opening of the hotel, after which date the dividend will be 8% on such preferred stock."

Defendant urges that inasmuch as the company had no income or property except the proceeds from the sale of its stock, and was not engaged in business, this provision was in reality an agreement to pay dividends from its capital, and vitiated the contract, and made it unenforcible.

It is the policy of the law to protect the creditors of a corporation, both present and future, by keeping its capital stock intact.   Section 28 of the Stock Corporation Law of 1909 (now Stock Corporation Law of 1923, § 58) provides that the directors of a corporation shall not declare a dividend except from the surplus arising from the business of the company, and shall not divide, withdraw or in any way pay to the stockholders any part of the capital of the corporation, except as authorized by law.   Section 664 of the Penal Law makes it a misdemeanor for directors to pay dividends otherwise than from the surplus profits of the corporation.

Many times when the stock of a company is put upon the market, the investor, instead of subscribing for the stock, loans his money to the concern, and takes a debenture bond, drawing interest, payable at the option of the company in its stock, or the parties agree that the advance shall be considered a loan until the stock shall actually be issued, and draw interest accordingly.   Even though the agreement here under consideration could by some stretch of the imagination be considered a loan rather than a

contract of subscription for the preferred capital stock of the company, and thus justify the payment of interest before the company earned any money, that would not save this cause of action, because the plaintiff would then be confronted with section 53 of the Stock Corporation Law of 1909 (now Stock Corporation Law of 1923, § 67) which provides that no subscription to stock in a corporation, the whole of which has not been subscribed, shall be received or taken unless the subscriber, whose subscription is payable in money, shall at the time of subscribing pay ten per cent of the amount subscribed by him in cash.* If the entire $13,000 already paid by defendant is a loan it is not a payment upon defendant's subscription to the stock, and the ten per cent called for by the Stock Corporation Law has never been paid, and the contract is void, and cannot be enforced against the subscriber. *New York & Oswego M. R. R. Co.* v. *Van Horn,* 57 N. Y. 473; *Whalen* v. *Hudson Hotel Co.,* 183 App. Div. 316; *Van Schaick* v. *Mackin,* 129 id. 335; *Hapgoods* v. *Lusch, No. 1,* 123 id. 23.

Plaintiff must stand or fall on a construction of this contract as a subscription for the purchase of 200 shares of the preferred capital stock of the company. It is so treated in the complaint. The agreement itself shows clearly its nature. Defendant in so many words " subscribes for and purchases " this stock.

Notwithstanding that the hotel was in the process of erection and was not being operated at the time this agreement was made and that the corporation had no income except the moneys it received from the sale of its stock, the contract which plaintiff here seeks to enforce contains a provision that the stock purchased is entitled to a six per cent dividend from the date of the payment of each installment of the purchase price until the beginning of the first quarter after the hotel shall be opened, after which date the dividend shall be at the rate of eight per cent instead of six per cent. Such a contract is contrary to public policy, and is void. *Troy & Boston R. R. Co.* v. *Tibbits,* 18 Barb. 297.

It cannot be said that this provision in the agreement, which attempts to insure the defendant an attractive return on his investment from the very outset, is an independent collateral covenant on the part of the company, rather than a condition precedent. It is an essential part of and not a mere incident to the consideration of the contract. The company when it invited and accepted these subscriptions to its capital stock which contained on its part an agreement violative of the statute, was as much at fault as the defendant. It knew that the provision was repugnant to the policy

* This provision as to cash payment was repealed by Laws of 1924, chap. 441.

of the law, and was within the prohibition of the statute. The agreement being tainted with illegality as to part of its consideration is void as to the whole, and cannot be enforced. *Foley* v. *Speir*, 100 N. Y. 552, 558; *Saratoga County Bank* v. *King*, 44 id. 87; *Hapgoods* v. *Lusch, No. 1*, 123 App. Div. 23; *Barton* v. *Port Jackson & Union Falls Plank Road Co.*, 17 Barb. 397; *Thalimer* v. *Brinkerhoff*, 20 Johns. 384, 397; *Pennington* v. *Townsend*, 7 Wend. 276.

Motion granted, with costs.

Ordered accordingly.