ROLAND E. ARTER, Respondent, *v.* FRED W. JACOBS and Others, Appellants.

Third Department, May 3, 1929.

*Ransom H. Gillett,* for the appellants.

*Daniel V. McNamee,* for the respondent.

WHITMYER, J.   The action is in replevin to recover the possession of an automobile, alleged to have been hired and received by one

Dora Goulet, as lessee, from one Gerald F. Walsh, as lessor, under an agreement, called a lease, made June 22, 1927, and thereafter assigned to plaintiff. The agreement was made and the automobile was delivered to said lessee in the State of Rhode Island and the parties, including the assignee, reside there. The agreement recites that the lessee paid the sum of $1,115 at its date and delivered to the lessor twelve negotiable promissory notes for $1,115, payable monthly in sums of $50 each, except the last, which was for $565. The first in the record was to become due October 22, 1927. The agreement recites that they were given as evidence of the amounts to become due and not of payment, that the lessee was to keep the automobile insured against loss by fire, theft and other casualty, as the lessor might require, in the names of both, according to their interests, and that, in case of breach as to payment or otherwise, or if the lessor considered his interest endangered, or in case of attachment, or if the lessee mortgaged, leased or sold it, or his interest therein, or attempted to, that the lessor might retake it and that all moneys theretofore paid should be and remain the property of the lessor as and for rental. The title was to remain in the lessor until payment in full, when he was to give a bill of sale. On October 16, 1927, the lessee's husband, while operating the automobile with her consent, in New Lebanon, Columbia county, this State, where it had been taken without the lessor's permission or knowledge, injured the defendant Margaret Mahar, who brought an action against the lessee on October 17, 1927, based on the claim of negligence on the part of the husband. At the same time, Mrs. Mahar's husband brought an action for loss of her services. The automobile was attached in each action. Default judgments were obtained on November 18, 1927, the wife's being for $5,123.80, and the husband's for $3,745, and an execution on each was issued on that day. On November 21, 1927, when the note, due October 22, 1927, remained unpaid, plaintiff served a notice of his claim and a demand of possession upon the defendant sheriff, who had the automobile, and brought an action in replevin against him on December 12, 1927, at which time another note had become due. Later, the Mahars were permitted to intervene. On April 2, 1928, the sheriff delivered the automobile to plaintiff, and plaintiff took it to the State of Rhode Island, where it now is. The notes have been paid down to the sum of $965, and plaintiff, testified that the automobile was worth $1,000 when it was delivered to him. On the trial, a verdict was directed for plaintiff without fixing the value of the automobile or of the special property therein of the defendants. The agreement was called a lease, but the transaction, clearly, was intended as a conditional sale. (*Arnold*

v. *Chandler Motors of Rhode Island*, 45 R. I. 469; 123 Atl. 85, 87.) Title to the automobile was to remain in plaintiff until fully paid for. In Rhode Island, in the absence of actual fraud, such a condition will be enforced as to third persons as well as between the parties and the transaction will be regarded as a sale upon condition. (*Arnold* v. *Chandler Motors of Rhode Island, supra.*) In *Goetschius* v. *Brightman* (245 N. Y. 186, 189), where there was a like condition, attaching to a sale made in California, and a prohibition against removal from that State without the knowledge or consent of the seller, the court said: " Until the condition is complied with the seller may assert his title against the whole world, though the contract of conditional sale has never been filed." In that case, the automobile had been removed to Albany, N. Y., and the conditional vendee attempted to sell it to an innocent third party, before the conditional seller knew that it was there. The contract had not been filed in either State. In this case, it was not filed either in Rhode Island or in New York. Filing was not required in Rhode Island. On the other hand, the conditional vendee, by her purchase, acquired a certain special property, " at times denominated, without entire accuracy, as an ' incomplete ' or ' defective ' title " (*Goetschius* v. *Brightman, supra*, 191), and had an interest which was transferable and insurable, and under which she could bring action in case of wrongful taking, destruction or injury. (24 R. C. L. " Sales," §§ 790, 791, pp. 496–498.) The accident occurred in the State of New York, where the conditional vendee had taken the automobile without the conditional vendor's actual permission or knowledge, but the evidence fails to show that the removal was for more than a temporary purpose. A temporary removal did not constitute a breach. (4 Elliott Contracts, § 3876; *Hare & Chase* v. *Tomkinson*, 129 Atl. [N. J.] 396; *U. S.* v. *One Chevrolet Coupé*, 9 F. [2d] 85; *Montgomery* v. *Tilley*, 40 Ky. [1 B. Mon.] 155, 158; *Clinch River Mineral Co.* v. *Harrison*, 91 Va. 122.) It was for plaintiff to show that there was a breach. The conditional vendee was in lawful possession of the automobile and her husband was operating it with her consent and she must be deemed to be the owner. (General Laws of Rhode Island [1923], § 1427, subd. 9; R. I. Public Laws of 1927, chap. 1040, § 3.) That is so, also, under the law of this State. (Highway Law, § 281, added by Laws of 1910, chap. 374, as amd. by Laws of 1926, chap. 728;* Id. § 282-e, added by Laws of 1924, chap. 534, as amd. by Laws of 1926, chap. 730.†) The evidence fails to show that the

* Since amd. by Laws of 1928, chap. 468. Now Vehicle and Traffic Law, § 2, subd. 18.— [Rep.

† Since amd. by Laws of 1928, chap. 508. Now Vehicle and Traffic Law, § 59. See Laws of 1929, chap. 54, §§ 95, 99.— [Rep.

conditional vendee was here with the automobile for anything more than a temporary purpose and it is to be assumed that the conditional vendor, impliedly, consented to its use here for such a purpose. At the time of the accident, the conditional vendee had paid the sum of $1,265 on the price and was still indebted thereon to the conditional vendor in the sum of $965. She had an interest which was subject to levy and sale under an attachment or execution. (General Laws of Rhode Island [1923], § 4445, rule 1; Id. § 5263; *Savelle* v. *Wauful*, 16 N. Y. Supp. 219.) She had not defaulted in her agreement in any respect and, at that time, plaintiff had no right to retake the automobile, so that the Mahars acquired liens thereon by their attachments superior to plaintiff's right to retake. (*Castriotis* v. *Guaranty Trust Co.*, 229 N. Y. 74). And executions had been issued and levies had been made thereunder, before plaintiff's right to retake had become complete and before he commenced his action. In that situation, the levy was made and the sheriff was entitled to enforce it. (Civ. Prac. Act, § 679; *Castriotis* v. *Guaranty Trust Co.*, *supra.*) Defendants had succeeded to the rights of the conditional vendee by the attachments, judgments and executions and had a special property, subordinate, of course, to the vendor's claim. The Mahars had set up a counterclaim and had established facts which must be interpreted liberally in their favor, in view of the directed verdict. There was evidence warranting a finding that the value of the automobile is greater than the value of the special property. In that situation, under the law and procedure in this State, to which plaintiff subjected himself when he resorted to the courts here to obtain possession of the property (*Hervey* v. *R. I. Locomotive Works*, 93 U. S. 664, 671), it became necessary to fix the value of the special property. (Civ. Prac. Act, § 1121, subd. 2, Id. §§ 1124, 1126; *Keeney* v. *Swan*, 2 N. Y. St. Repr. 214; *Townsend* v. *Bargy*, 57 N. Y. 665; *Cooper* v. *Kipp*, 52 App. Div. 250; *Roach* v. *Curtis*, 115 id. 765, 770; affd., 191 N. Y. 387; *Sprague* v. *King*, 37 Misc. 792.) That was not done and this court may not fix the value. It follows that the judgment should be reversed and that a new trial should be granted, with costs to the appellants to abide the event.

VAN KIRK, P. J., HINMAN, DAVIS and HASBROUCK, JJ., concur.

Judgment reversed on the law and facts and new trial granted, with costs to the appellants to abide the event.