D. W. BROWN COMPANY, INCORPORATED, Respondent, v. CLARENCE SAND & GRAVEL COMPANY, INCORPORATED, Appellant.— Judgment affirmed, with costs. All concur. (The judgment awards plaintiff damages for failure to furnish sand and gravel under contract.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

LAURABELLE GREGG SELOVER, Respondent, v. ÆTNA LIFE INSURANCE COMPANY, Appellant.— Judgment affirmed, with costs. All concur. (The judgment awards plaintiff death benefit under a life insurance policy.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

MICHAEL SYLWANOWICZ, Respondent, v. FELIX KONAWICZ and Another, Appellants.— Judgment and order affirmed, with costs. All concur. (The judgment awards plaintiff money for property conveyed by deed. The order denies a motion for a new trial on the minutes and grants a stay of execution.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

WILLIAM RAMSEY, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Judgment affirmed, with costs. Memorandum: The evidence conclusively shows that the crane operator, Koch, was at the time of the accident in the employ of the Kenmore Construction Company and was its ad hoc employee, and not the employee of the defendant, and further that there is no evidence of negligence shown upon Koch's part. All concur, except Sears, P. J., who dissents and votes for reversal on the law and a new trial on the ground that the negligence of the crane operator, Koch, as well as his employment, were questions of fact. (The judgment grants a nonsuit in an action to recover for injuries sustained while unloading a car.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

GORDON L. KING, Respondent, v. JOHN C. CLEMENTS, Appellant.— Judgment modified on the law and facts by fixing the value of the chattel at $1,334.28 and as modified affirmed, without costs. Finding of fact numbered 4 modified accordingly. Memorandum: We hold that the value of the linotype machine as fixed by the trial court in the sum of $1,800 is contrary to law and contrary to and against the weight of the evidence. The value should be fixed at the amount of plaintiff's special interest in the property. (See Townsend v. Bargy, 57 N. Y. 665; Allen v. Judson, 71 id. 77; Fowler v. Haynes, 91 id. 346; Brockway Motor Truck Corp. v. Selzer, 235 App. Div. 759.) All concur. (The judgment awards plaintiff possession of a linotype machine or its value.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.