NATIONAL SURETY CORPORATION, Substituted for UNITED VAN SERVICE, Appellant, *v.* CHELSEA FIREPROOF STORAGE WAREHOUSES, INC., and Another, Respondents.

First Department, December 3, 1937.

*Simon Klein,* for the appellant.

*Irving Rodin,* for the respondents.

PER CURIAM. The trial court found the value of the chattels to be $2,500 and directed judgment in favor of the defendants and against the plaintiff for the return of the chattels, or in the alternative for the sum of $2,500 representing the value. The chattels, however, consisting of a motor tractor and trailer, were subject to two conditional bills of sale, upon which, on the date of the seizure by the defendant Epstein, there was due, as to the tractor, $1,614.64, and as to the trailer $250. The total value of the interest in the chattels of United Van Service for which National Surety Corporation was substituted, therefore, amounted only to $635.36. To that extent only could the chattels be seized by the marshal. (*Arter* v. *Jacobs,* 226 App. Div. 343.) To that extent only could they have been sold on execution to satisfy the judgment of the City Court of the City of New York, New York County, in favor of Elizabeth Johnson against United Van Service, Inc., for $1,524.69. When, therefore, the trial court concluded that the defendants were entitled to judgment for the return of the chattels, the court was required to determine " the damages, if any, of the prevailing party." (Civ. Prac. Act, § 1120.) Such damages under the circumstances of the present case would necessarily consist of the value of the interest which the plaintiff had secured and the defendants had surrendered in consequence of the delivery of the chattels to the plaintiff, not exceeding the amount of the judgment to satisfy which the chattels had been seized. (Civ. Prac. Act, § 1121.)

Since the value of the plaintiff's interest amounted only to $635.36, the judgment should be modified accordingly, and as so modified affirmed, without costs. The order denying plaintiff's motion for a new trial should be affirmed.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and CALLAHAN, JJ.

Judgment unanimously modified by reducing the amount thereof as entered to the sum of $635.36, and as so modified affirmed, without costs. Order denying plaintiff's motion for a new trial affirmed.