**McGAHERN v. KOPPERS COAL CO. et al.**

No. 7116.

Circuit Court of Appeals, Third Circuit.

Jan. 5, 1940.

Milton M. Borowsky, of Philadelphia, Pa., for appellant.

Edwin Longcope and Krusen, Evans & Shaw, all of Philadelphia, Pa., for appellees.

Before MARIS, CLARK, and JONES, Circuit Judges.

MARIS, Circuit Judge.

The sole question involved in the present appeal is this: In an admiralty suit in personam brought in a district in which the respondent is not found, may a vessel in the possession of the respondent as charterer be attached under a clause of foreign attachment included in the libel under Admiralty Rule 2? That rule (28 U.S.C.A. following section 723) which was prescribed by the Supreme Court pursuant to Sec. 913, Rev.Stat. (28 U.S.C. § 723, 28 U.S.C.A. § 723), following ancient practice in the admiralty provides that the libel may contain "a clause therein to attach his goods and chattels, or credits and effects in the hands of the garnishees named in the libel to the amount sued for, if said respondent shall not be found within the district."

In the case before us the writ of attachment commanded the marshal to attach the steamship "Melrose" and not merely the

interest of respondent Mystic Steamship Company as bailee therein. We, therefore, need not consider whether a charterer's interest in a vessel under a bare boat charter is subject to attachment under the rule in a suit in personam.

It is settled that the "goods and chattels or credits and effects" which may be attached under the rule include a vessel. The Alpena, D.C., 7 F. 361; Kingston Dry Dock Co. v. Lake Champlain Transp. Co., 2 Cir., 31 F.2d 265. The question remains whether a vessel in the possession of a charterer is "his" chattel within the meaning of Admiralty Rule 2 and, therefore, subject to attachment in a suit brought against him. The libellant argues that such a charterer is owner of the vessel pro hac vice; consequently, he says, the vessel must be treated as the charterer's property for the purpose of the rule.

It is true that under a demise charter the charterer is for many purposes treated as owner pro hac vice. "A special property, carrying with it the entire possession and control, and leaving in the general owner only an interest in the nature of a reversion, may be created in a vessel as well as in any other chattel." Webb v. Peirce, Fed.Cas.No.17,320, 1 Curt. 104. Under these circumstances the charterer becomes subject to certain duties and responsibilities of ownership for the time being. It does not follow, however, that he is to be deemed the owner in the sense that the vessel may be treated as his property and taken in execution to satisfy a judgment recovered against him in personam. A demise charter is but a hiring of the vessel. No title passes to the charterer under it, but merely the right to possess and control it for a limited period. This right to possession or special property as Justice Curtis called it in Webb v. Peirce, supra, is not the equivalent of title and does not subject the vessel to the general debts of the charterer.

Kingston Dry Dock Co. v. Lake Champlain Transp. Co., supra, is not authority to the contrary. That case involved the attachment as the property of the respondent of vessels held by it under contracts of conditional sale which reserved title in the vendor until final payment. The vessels had not been paid for in full, but at the time of attachment the respondent was not in default and was in possession of them. The Circuit Court of Appeals for the Second Circuit held that they were subject to attachment in the possession of the conditional vendee. With this holding we are in entire accord. Clearly the conditional vendee, while not the holder of the legal title, did have conditional right to title, as Judge Learned Hand pointed out, which was sufficient to support the seizure. Furthermore, under the New York law of conditional sales which was applicable in that case title is reserved to the seller merely as security for the purchase price. For all practical purposes the buyer is treated as the owner of the property. Sturman v. Polito, 161 Misc. 536, 291 N.Y. S. 621.

In the present case, on the other hand, respondent, Mystic Steamship Company, had no title or expectancy or possibility of title, conditional or otherwise. The "Melrose" was, therefore, not its chattel subject to attachment under Rule 2.

The order of the District Court is affirmed.