Richard D. Simons, J.
In this replevin action, plaintiff moves pursuant to CPLR 7103 (subd. [b]) to impound a 1965 Oldsmobile automobile presently being held by the Sheriff of Herkimer County.
The plaintiff claims the automobile by virtue of a defaulted chattel mortgage given to it by Worden Motors. The defendant claims title as purchaser of the automobile from Worden Motors.
On Friday, January 26, 1968, the Sheriff served a requisition on defendant with appropriate papers. The defendant attempted to reclaim the automobile and obtained a bond on Saturday, January 27. That bond, however, was incorrect and since the insurance office was closed for the weekend, nothing was done *302 until Monday. On Monday, January 29, a new bond was received from the insurance company but that bond was directed to the Sheriff of Oneida County. Subsequently, on Tuesday, a correct bond was obtained and supplied to the Sheriff.
The plaintiff claims that the defendant has failed to reclaim as required by statute and is not entitled to have the chattel returned. Furthermore, it seeks to impound the car, claiming that the nature and circumstances of the case are such that if the plaintiff is found entitled to possession of the property, it cannot be adequately compensated for its loss.
The reclamation papers were not served upon the Sheriff within three days. The statute does not contain any limitation of three days. (CPLR 7103, subd. [a].) However, it has been observed that the new statute, while differing from former section 1105 of the Civil Practice Act, does not intend any change in substance. (Cf. Mckinney’s Cons. Laws of R. Y-, Book 7B, CPLR 7103, Practice Commentary, Thornton, p. 397.) The point would seem to be a minor one however. Since the property was still in the possession of the Sheriff at the time the correct reclamation papers were served on him, the parties are secured without prejudice to anyone. (Cf. Corn Exch. Bank v. Blye, 102 N. Y. 305.)
A plaintiff (or a defendant other than one claiming a lien interest in the property) may move for an order impounding seized chattels (CPLR 7103, subd. [b]). Upon such a motion, the court must determine whether the property is of such a nature or the circumstances are such that the applicant, if found to be entitled to the property, would not be adequately compensated for its loss by the payment of its pecuniary value. It is not necessary that the property be unique. [Security Nat. Bank v. North Shore Equities, 237 N. Y. S. 2d 408.) The essential question is whether or not disposition of the property prior to a final determination as to who is entitled to it will result in a loss to the applicant.
The plaintiff claims to have a wholesale chattel mortgage executed by Worden Motors which covered the vehicle in question and other vehicles mortgaged to the plaintiff by Worden Motors. It is alleged that Worden was indebted to the plaintiff for several thousands of dollars in excess of the value of this automobile. The mortgage papers are not before the court and the details are not at all clear from the papers, but it seems that the value ascribed to this automobile in the chattel mortgage is $1,350. The plaintiff claims that by recovering the car and selling it itself, it might be able to obtain a sum greater than that which could then be applied to Worden’s total debt- Therefore, by
k *303 loss of possession of the automobile, it is claimed plaintiff will lose part of its security.
It has been questioned that a plaintiff lien holder is entitled to have the property impounded, although the law does not prohibit it. (Cf. 12 Carmody-Wait 2d, New York Practice, § 82:106, p. 671.) The reason is that a successful lienor is entitled to possession or the money value of its security interest. (National Security Corp. v. Chelsea Fireproof Stor. Warehouses, 252 App. Div. 554; King v. Clements, 243 App. Div. 853; Brockway Motor Truck Corp. v. Selzer, 235 App. Div. 759; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7108.05; 12 CarmodyWait 2d, New York Practice, § 82 :162.) In most instances, the lienor will be adequately compensated for its loss by the payment of the pecuniary value of the lien. The value to be determined in such cases is the value of the right of possession rather than the value of the chattel. (Allen v. Judson, 71 N. Y. 77.) The plaintiff claims that in this case, it will not be adequately compensated for the loss of the automobile, that the maximum it can receive if successful will be the value of the chattel which is less than its lien. The reasoning is somewhat circuitous. The amount and existence of the lien will have to be determined at trial. It may he $1,350 — it may be more. That is a matter of proof. In no event can plaintiff’s pecuniary interest be more than the full value of the chattel as proved. Certainly plaintiff cannot receive any more from this defendant just because Worden mortgaged above the value of the security.
Essentially, what the plaintiff wants is money. The automobile has no intrinsic value to it. The fact the defendant may sell the car for less than it is worth or than plaintiff could sell it for, should not alter the true worth of the automobile. That is a matter of proof. Impounding the car will not increase its value.
The Sheriff is directed to redeliver the automobile to the defendant.
The motion is denied.