(81 App. Div. 586.)

## MINOR v. GURLEY et al.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. ATTACHMENT—CLAIM OF THIRD PERSON—SHERIFF'S JURY—CHOSE IN ACTION.
　　A debt is goods or effects within Code Civ. Proc. § 657, authorizing a sheriff, on levying of attachment and filing claim by a third person, to proceed by sheriff's jury to try the title of the attached property for the purpose of obtaining a bond or releasing levy.

Appeal from Special Term, New York County.

Action by Edward S. Minor against William B. Gurley and others. From an order (80 N. Y. Supp. 596) denying the motion to restrain William J. O'Brian, as sheriff, from trying title to a deed attached by him in the action by means of sheriff's jury, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Howard Hasbrouck, for appellant.

Charles F. Wells, for respondent.

PATTERSON, J. The plaintiff sued to recover a balance of $2,490, which he claimed to be due him from the defendants as the result of stock transactions had between him and them as his brokers. An attachment was issued, under which the sheriff levied upon a debt owing by one A. M. Hunter to the defendants. The debt amounts to $28,000. The attachment was issued on the 18th of April, 1892, and on the same day the sheriff served a notice and demand on Hunter. On December 4, 1892, a notice of claim of the debt was served by Frederick E. Chapin and James M. Green, as trustees, upon the plaintiff and the sheriff. On December 9, 1892, the sheriff served on the plaintiff's attorney a notice that a sheriff's jury would try the title of the defendant and the claim of Chapin and Green, as trustees, to the debt. Thereupon the plaintiff obtained an order requiring the sheriff to show cause why he should not be restrained from trying the title of the defendants and of the claimants, Chapin

and Green, to said debt or chose in action. The motion came on to be heard, and the plaintiff's application was denied, and from the order entered upon such denial this appeal is taken.

The point raised by the plaintiff is that the sheriff could not try by a sheriff's jury the title to this claim, since neither at common law nor under the Code can a sheriff's jury try the title to a chose in action. We think that contention is not tenable, and that the sheriff has the right to have his jury determine whether or not he is entitled to indemnity. It appears that the indebtedness of Hunter to the defendant was claimed by trustees for the benefit of creditors of Gurley and Johnson, and that their claim arises under an assignment for the benefit of creditors, made long anterior to the beginning of this action. Section 657 of the Code provides: "If goods or effects, other than a vessel, attached as the property of the defendant, are claimed by or in behalf of another person, as his property, the sheriff may, in his discretion, empanel a jury to try the validity of the claim." We think these words do not embrace tangible property alone, and that the justice at Special Term is right in saying that the sole purpose in trying claims by a sheriff's jury under the common law and under the Code has at all times been to protect the sheriff, to enable him to require a bond from the attaching creditor, or to release the levy. There is no reason why the sheriff should be deprived of indemnity in a case in which he is obliged to execute the process as to intangible property any more than as to tangible property. The finding of the sheriff's jury is not conclusive as to title in any way. It relates only to the question of whether the sheriff shall be protected, under the provisions of law, in enforcing the process. But even conceding that the position of the plaintiff is correctly taken, his rights can in no way be affected by the proposed action of the sheriff; for, if that action is without warrant of law, the finding of the sheriff's jury would be an absolute nullity.

There is no occasion whatever for a restraining order, and the order appealed from should be affirmed, with $10 costs and disbursements. All concur.