PICONE v. FREEMAN.

(Supreme Court, Appellate Term. March 5, 1909.)

SALES (§ 475*)—TITLE TO PROPERTY—CONDITIONAL SALE—ASSIGNMENT OF BILL OF SALE.

Where there was a conditional sale of chattels, the bill of sale being duly acknowledged and filed, and plaintiff took an assignment of the bill of sale from the sellers, he was the legal owner of the chattels, with a vendible, but not a leviable, interest therein in the purchaser, and the act of an officer in selling them under an attachment against the purchaser constituted a conversion as against plaintiff.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1403, 1405; Dec. Dig. § 475.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Joseph R. Picone against Alfred Freeman. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Hobart S. Bird, for appellant.
Palmieri & Wechsler, for respondent.

MacLEAN, J. On August 1, 1908, the defendant, a city marshal, seized and removed, under attachment in Lo Russo v. Cianciotti, a brown horse, a wagon, and a harness. On the 13th of that month the attachment was vacated as void. The defendant did not return the property, but, receiving later in the same day an execution in the same action, advertised and sold the chattels thereunder. This action was brought for conversion of the chattels on the day of their taking under the void attachment.

On the trial the plaintiff put in evidence a conditional bill of sale of the chattels by Heilbrun & Kahn on May 27th to Cianciotti for $335, whereof a balance of $235 was unpaid, which bill of sale, being duly acknowledged, was filed in the office of the register June 9th and remained unsatisfied of record. He also put in evidence an assignment to himself of the bill of sale by Heilbrun & Kahn on July 21st for

---

the sum of $170, the balance of the indebtedness thereon on that date, which sum of $170 he testified he paid to his assignors; also testifying that he put up the money at the instance of and as a loan to his friend, one Campenella, who promised to pay him at the rate of $20 a month. This evidence, unless impeached, made the plaintiff the legal owner of the property, with a vendible, but not a leviable, interest in Cianciotti, the judgment debtor in the void attachment and in the execution. It was not impeached. The marshal defendant set up a general denial and an allegation of fraud; but he proffered neither witness nor paper to support the allegation of fraud, or his imputation of lack of good faith, or to contradict the plaintiff's evidence of purchase of the bill of sale on payment of full consideration. His counsel, indeed, cross-examined the plaintiff at great length, and offered many assertions of suspicions, but showed nothing to justify the action of the marshal.

The verdict should have been directed, as moved, for the plaintiff, instead of sending the case to the jury, which, indeed, found a verdict for the defendant. The judgment entered upon the verdict should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.