DAVID GILMOUR DOOR CO. v. SHEA, Sheriff, et al.

(Supreme Court, Appellate Division, First Department. April 19, 1912.)

1. EXECUTION (§ 198*)—THIRD PARTY CLAIMS—SHERIFF'S JURY—REVIEW.

The action of a sheriff's jury in determining a claim of title to property seized is not a judicial determination, and is not subject to review by motion or otherwise.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 578; Dec. Dig. § 198.*]

2. EXECUTION (§ 198*)—CLAIMS BY THIRD PARTIES—SHERIFF'S JURY—EQUITY.

Since a finding for the claimants by a sheriff's jury procured according to Code Civ. Proc. §§ 1418, 1419, providing for the trial of the claims of third parties to property levied upon and for the procedure if the claimants succeed, is not conclusive upon any one as to the title claimed, and, if induced through fraud of the sheriff, he may be held accountable in an action at law by the creditor, and, if induced by a fraudulent claim of ownership by the claimants, they may be held to account by the remedy under Code Civ. Proc. §§ 2432–2463, providing for general remedies against the judgment debtor and for reaching property held in trust for him, and since upon a finding being made for the claimants the sheriff may demand an indemnity in an amount to be determined as provided by the Code, equity will not interfere to supersede a finding for claimants by a sheriff's jury, and give a retrial of the claims of ownership and damages.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 578; Dec. Dig. § 198.*]

3. EQUITY (§ 43*)—JURISDICTION—OTHER REMEDY.

While equity may relieve against fraud, it will do so only when it appears that the plaintiff has no adequate remedy at law.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 121–140, 164–166; Dec. Dig. § 43.*]

Laughlin and Miller, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the David Gilmour Door Company against John S. Shea, as sheriff of the county of New York, and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Eugene M. Bartlett, of Buffalo, for appellant.

Francis A. O'Neill, of New York City, for respondent Shea.

Arleigh Pelham, of New York City, for respondents Shollenberger and others.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. The plaintiff appeals from a judgment dismissing the complaint. The facts alleged in the complaint and the nature of the relief sought are set forth in the opinion of Mr. Justice LAUGHLIN, and need not be repeated. As the complaint was dismissed before the introduction of any evidence, all the facts well pleaded in the complaint must be accepted as true. This, however, does not justify us in accepting the allegations of bad faith and fraudulent intent on the part of the sheriff, except as such charges are supported by well-pleaded facts. In effect, what the plaintiff seeks is a judgment superseding the finding of a sheriff's jury procured as provided in sections 1418 and 1419 of the Code of Civil Procedure, and a retrial of the claims of ownership and damage made by the defendants Iroquois Door Company, Mary P. Shollenberger, and Shollenberger & Co.

[1, 2] It is well settled that the action of a sheriff's jury in determining a claim of title to property seized by the sheriff under execution or attachment is not a judicial determination, and is not subject to review by motion or otherwise. Cohen v. Climax Cycle Co., 19 App. Div. 158, 46 N. Y. Supp. 4; Shaw v. Dunn, 122 App. Div. 736, 107 N. Y. Supp. 777. It is not conclusive upon any one as to the title claimed (Minor v. Gurley, 81 App. Div. 586, 81 N. Y. Supp. 367), and its only office is to afford justification to the sheriff for surrendering the property to the claimant, unless indemnified by the plaintiff who had sued out the execution or the attachment. If the sheriff has been guilty of fraud or bad faith in inducing a finding in favor of fictitious claimants, the inquisition will afford him no protection, and he will release the property levied upon at his own peril, and may be called upon in appropriate action by the execution or attachment creditor. If it was the claimants who were guilty of fraud in asserting ownership of the property, the plaintiff has ample remedy under sections 2432 to 2463, Code of Civil Procedure. If the sheriff was free from fraud in bad faith in procuring the inquisition to be returned, he is entitled by law to demand indemnity from the judgment creditor, and this court has no authority to fix the amount of such indemnity. The Code provides how such amount shall be determined. We are unable to see, therefore, any theory upon which this action can be maintained.

[3] It is quite true that a court of equity has general power to relieve against fraud, but, to invoke that power, it must be made to appear, not only that fraud has been committed, but that the law has provided the plaintiff with no other adequate remedy. As already pointed out, the plaintiff has an adequate remedy at law, if fraud was committed, whether the sheriff was or was not a party to the fraud.

The complaint was rightly dismissed, and the judgment must be affirmed, with costs.

INGRAHAM, P. J., and CLARKE, J., concur.

LAUGHLIN, J. (dissenting). The complaint was dismissed without affording the appellant an opportunity to offer any evidence there-

under, and therefore the sole question presented is whether it states a cause of action.

The plaintiff shows that it duly recovered a judgment in the Supreme Court in the county of Erie against the defendants Daniel and Ralph Shollenberger for the sum of $875.06; that the judgment was duly docketed, and on the 2d day of April, 1911, a transcript thereof was duly filed, and the judgment was duly docketed in the office of the clerk of the county of New York, where the judgment debtors reside, and an execution was duly issued thereon to the defendant Shea, as sheriff of the county of New York, who levied in due form of law upon "one horse and wagon, one buggy, blankets, harness, one table, one typewriter and one desk, one chair, one safe, one saw, table and motor and one 12" joiner motor," pursuant to the requirements of said execution; that the property levied upon was the property of the judgment debtors, and was subject to levy and sale under the execution, and did not exceed in value the sum of $500.

It is further alleged that the defendants conspired and colluded for the "purpose and with the intent of obstructing said levy," and preventing a sale of the property levied upon in satisfaction of the plaintiff's judgment, and, in furtherance of such conspiracy and collusion, the defendant the Iroquois Door Company, immediately after the levy, served upon the defendant Shea a claim that it owned a portion of the property levied upon, and claimed that it was of the value of $4,000, and that it had sustained damages by the levy in the sum of $10,000, and the defendant Mary P. Shollenberger likewise served a notice that she claimed to be the owner of part of the property which she claimed to be of the value of $2,500 or over, and that she had sustained damages in the sum of $10,000, and the defendant Shollenberger & Co. served like notice that it claimed to be the owner of part of the property which it claimed was of the value of $1,000 or over, and that it had sustained damages in the sum of $5,000, and that thereafter the defendant Shea, "in furtherance of said conspiracy" between him and the other defendants "for the purpose of obstructing the collection of plaintiff's said judgment by virtue of said execution in his hands, impaneled a jury to try the validity of said claims and conducted an inquiry without offering, requiring, or giving any evidence whatever of the value of the property levied upon and retained or the damages sustained by the said claimants through said levy, directed the said jurors by their inquisition to find that the property levied upon by him, as aforesaid, belonged to said claimants, and that the damages sustained by such claimants by virtue of said levy was as claimed by them, and the said jury in their said inquisition followed the directions of the defendant John S. Shea in all things"; that, upon the completion of the inquisition, the defendant Shea refused to retain the levy, and plaintiff requested him to preserve the same and offered to give him "a satisfactory bond for five times the value of the property levied upon, as the same should be determined by him from his own judgment," and that the defendant Shea refused to comply with the request of the plaintiff,

or to sell the property, unless he should be immediately indemnified by bonds aggregating the sum of $65,000; that the claims so made to the sheriff, both with respect to the property and with respect to damages, were "fictitious and fraudulent," and that the inquisition with respect thereto was conducted by the defendant Shea "in bad faith," and that said claims and the inquisition are unlawful and fraudulent obstacles to the enforcement of the execution issued on the judgment recovered by the plaintiff, and that the plaintiff will suffer great damage thereby and is without adequate remedy at law. Judgment is demanded that the inquisition be set aside, and that it be decreed that the judgment debtors are the owners of the property, and that any interest the other defendants may have in the property is subordinate to the lien of the execution on the plaintiff's judgment.

I am of opinion that the complaint states a good cause of action for the relief demanded. Sufficient facts are alleged to admit of proof upon the trial that all of the defendants conspired together to obstruct the plaintiff in the enforcement of its legal rights, and to deprive it of the benefit of the levy by having false and fictitious claims to ownership of part of the property levied upon presented to the sheriff for large amounts, as well as large claims for damages in consequence of the levy, and to have these claims sustained without evidence by a sheriff's jury under the forms of law, and thus to enable the defendant Shea to demand an undertaking unreasonable and unconscionable in amount, and in an amount so large that plaintiff would be unable to give it, and thus the sheriff would be at liberty to release the levy. The provisions of the Code of Civil Procedure, which are alleged to have been fraudulently used by the defendants, were designed to protect a sheriff acting in good faith. Section 1418 of the Code of Civil Procedure provides, in substance, that, if a third person claims property levied upon, he may make and deliver to the sheriff an affidavit specifying the property and stating its value and the damages, over and above the value, which he will suffer in case the levy is not released, and thereupon the sheriff is authorized, in his discretion, to impanel a jury "to try the validity of the claim." Section 1419 of the Code of Civil Procedure provides that, if the jurors find that the property belongs to the claimant, they must determine its value and the damages above the value which will be sustained by the claimant if the levy be not released, and that thereupon the sheriff may release the levy, unless the judgment creditor gives him an undertaking, as therein provided, to indemnify him in an amount to be specified "not less than twice the value of the property and damages as determined by the jury, and two hundred and fifty dollars in addition thereto, against all damages, costs and expenses" in any action that may be brought against him by the claimant, or any one in his right, by reason of the levy, or sale under the execution. No review of such an inquisition is authorized by law. Cohen v. Climax Cycle Co., 19 App. Div. 158, 46 N. Y. Supp. 4; Shaw v. Dunn, 122 App. Div. 736, 107 N. Y. Supp. 777. It does not follow, however, that if, as alleged, the sheriff has

fraudulently conspired to have false and fictitious claims filed with him, and to have them approved by a jury for the full amount, without evidence, the judgment creditor is, as claimed by counsel for the respondents, left to such remedy at law as he may have against the sheriff, or his sureties, and the other conspirators. It cannot be that a court of equity is powerless to remove an obstruction to legal process in the enforcement of the judgment of the court, created and placed by a fraudulent conspiracy, formed and consummated by the sheriff and third parties, to prevent the due execution of the process of the court in the hands of the sheriff for execution. Were it not for the presentation of these false and fictitious claims, and for the inquisition, it would be the duty of the sheriff to sell the property upon which he has levied. It would be against public policy to permit a litigant to lose the right secured by a levy, by such means, or to require him to resort to other remedies for redress. Moreover, it is not certain that his remedy by an action, either against the sheriff, or the sheriff's sureties, or the other conspirators, would be adequate. The plaintiff had duly invoked the aid of the court and recovered a judgment, and had obtained a levy upon the property of the judgment debtors in due and orderly form in the administration of justice. It then met with an obstruction, threatening the rights it has obtained under the levy and rendering it powerless to proceed; and, unless the obstruction is removed by a court of equity, its levy will be lost. The obstruction on the allegations of the complaint is the result of a fraudulent conspiracy between the sheriff, whose duty it was to execute the mandates of the court, and third parties, who have pursuant to the conspiracy made false and fictitious claims. Under well-settled principles, a court of equity, not only has the power, but it is its duty, on proof of the facts alleged, to intervene, not to review the inquisition, but to annul it and the fictitious claims, and thus to enable the plaintiff to proceed with the enforcement of the levy as if the groundless claims had not been filed. See Stetson v. Hopper, 60 App. Div. 277, 70 N. Y. Supp. 170; Koechl v. Leibinger & Oehm Brewing Co., 26 App. Div. 573, 50 N. Y. Supp. 568.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

MILLER, J., concurs.