MARGARET E. WHITE, as Executrix, etc., of JOSEPHINE COWLES, Deceased, Appellant, *v.* E. C. McKALLOR DRUG COMPANY, Respondent.

Third Department, November 14, 1933.

*Tillapaugh & Relihan* [*Walter J. Relihan* of counsel], for the appellant.

*Hinman, Howard & Kattell* [*Archibald Howard* of counsel], for the respondent.

HILL, P. J. The plaintiff has appealed from a judgment of the Broome County Court reversing a Binghamton City Court judgment in her favor. Defendant, a wholesale drug company, recovered a judgment against one Scanlon by confession and the sheriff has sold thereunder drugs, merchandise and store fixtures to which plaintiff asserts ownership. This action was brought to recover their value.

In January, 1930, plaintiff's testatrix sold to Scanlon the fixtures and merchandise in a drug store for $6,000, payment to be made $500 down and thereafter in monthly installments, the merchandise and fixtures to remain the property of plaintiff's testatrix until the purchase price and interest had been paid. Scanlon defaulted on the February, 1931, payment, became irregular in his habits and abandoned the business. Plaintiff operated the store, so far as she was able, for some days, then locked the doors and delivered the key to her attorney. On February 14, 1931, she filed the written contract evidencing the sale in the office of the clerk of the town where Scanlon resided. Defendant's judgment against Scanlon was recovered on April 14, 1931, and at the sale thereunder, which was held later in the same month, merchandise and fixtures of the value of $775 which Scanlon had purchased of plaintiff's testatrix as mentioned, together with merchandise later acquired by him, were sold for $1,225, and that amount, less the sheriff's poundage, was paid over to defendant.

Whenever the owner of personal property contracts to sell it, the purchase price to be paid in the future, the vendee to have possession of the property but with the title and ownership remaining in the vendor, there is a conditional sale, and the transaction, the rights and obligations of the parties to the sale and the rights of third persons are governed by the Uniform Conditional Sales Act (Pers. Prop. Law, art. 4), and this whether the contract be written or oral, and if written whether it be called a conditional sales contract, a lease or by some other title. (*Rivara* v. *Stewart & Co.*, 241 N. Y. 259, 265; *Central Union Gas Co.* v. *Browning*, 210 id. 10; *Tompkins* v. *Fonda Glove Lining Co.*, 188 id. 261; *Gardner* v. *Town of Cameron*, 155 App. Div. 750; affd., 215 N. Y. 682.)

The fact that the contract between plaintiff's testatrix and Scanlon contemplated a resale of the merchandise did not affect the legality of the conditional sale. (Pers. Prop. Law, § 69.) The

contract was filed before defendant obtained or executed his attachment or levy. Scanlon had no title to the property which he had purchased of plaintiff's testatrix and the levy gave rise to no lien thereon. (Pers. Prop. Law, § 65; *Baker* v. *Hull*, 250 N. Y. 484.) The contract contained a provision that any additions made to the stock of goods or to the fixtures were to be the property of plaintiff's testatrix. This of course was ineffective to create a lien upon the after-acquired property. But the judgment of the City Court was only for the value of the property that was concededly sold to Scanlon by plaintiff's testatrix and which still remained in his possession. The provisions of the conditional sales contract as to property transferred thereby were enforcible; the illegal portion was severable and could be disregarded. (Restatement, Contracts, § 603; *Gardner* v. *McEwen*, 19 N. Y. 123.)

I cannot agree with respondent's contention that even if a cause of action existed against the sheriff there was none against the defendant, the judgment creditor. The city judge before whom the case was tried found, as indicated by his opinion, that both the attorney and general manager of the defendant had knowledge of plaintiff's claim of title and worked with and counseled that the sheriff ignore her claims and sell the entire stock of merchandise and fixtures. Defendant also ratified the sheriff's acts by knowingly accepting the proceeds of the sale, a portion of which represented the value of plaintiff's property that was sold. Under such conditions the defendant is liable. (*Guilleaume* v. *Rowe*, 94 N. Y. 268; *Poucher* v. *Blanchard*, 86 id. 256; *Barber* v. *Dewes*, 101 App. Div. 432; *Attleboro Mfg. Co.* v. *Frankfort Marine, etc., Ins. Co.*, 240 Fed. 573.)

The judgment of the Broome County Court should be reversed on the law and facts, with costs in this court and in the County Court, and judgment of the Binghamton City Court reinstated.

McNamee, Crapser and Bliss, JJ., concur; Rhodes, J., dissents, with an opinion.

Rhodes, J. (dissenting). The contract of conditional sale contemplated that the vendee might resell the property. The sheriff, holding an execution against the vendee, sold thereunder only the vendee's right, title and interest therein. The plaintiff vendor has never attempted to take possession of the property and has never made demand therefor. It is true that written notice was served upon the sheriff in her behalf forbidding the sale, but the sheriff certainly had authority to sell whatever interest the vendee might have in the property. (*Savall* v. *Wauful*, 21 N. Y. Civ. Proc. 18; affd., 63 Hun, 627.) The rule is stated in *Frank* v. *Batten* (49

Hun, 91) that " the vendee is entitled to the possession until the day of payment has passed and until the vendor repossesses himself of the property. The creditors of the vendee may levy upon the property and pay the vendor the purchase price in behalf of the vendee, and thus secure to themselves every interest, legal or equitable, which the vendee has in the property." Even if the vendee had not title to the property, he certainly had an interest therein. (See Pers. Prop. Law, §§ 77–80-j; *Davis* v. *Bliss,* 187 N. Y. 77.)

It is true that the title to the property remained in the plaintiff and that upon making demand therefor she would have been entitled to the possession. It seems to me that such demand was a condition precedent to the bringing of the present action. (*Tompkins* v. *Fonda Glove Lining Co.,* 188 N. Y. 261; *Gillet* v. *Roberts,* 57 id. 28.)

These reasons induce me to favor an affirmance of the judgment of the County Court.

Judgment of Broome County Court reversed on the law and facts, with costs in this court and in the County Court, and judgment of Binghamton City Court reinstated.