MAX EDWARDS, Doing Business under the Firm Name and Style of LINDENHURST DAIRY, Plaintiff, *v.* CHRIST WALKER, Defendant.

County Court, Suffolk County, February 2, 1937.

*Goodman & Blumberg* [*Eugene J. Blumberg* of counsel], for the plaintiff.

*Scholer & Rappaport* [*Samuel J. Rappaport* of counsel], for the third party claimant, General Motors Acceptance Corporation.

HAWKINS, J. This is a claim to property by a third person tried out before this court pursuant to section 696 of the Civil Practice Act, as added by chapter 352 of the Laws of 1936. This amendment constitutes a decided step forward in the determination of such controversies. Previously the sheriff could impanel a jury to try the validity of the claim. If the jury found for the claimant, then the officer could relinquish the levy. However, if the jury determined that the debtor owned the property, the claim was not finally determined, and if the sheriff sold the chattels, the claimant could still sue in conversion. Under the present section, however, the matter may be entirely determined in the one proceeding.

On October 5, 1936, Christian Walger, also known as Christ Walker, purchased a used car from Joseph A. Wolf for the sum of $550.03. At the same time he executed a customer's statement and a conditional sale contract wherein he stated his residence to be Winne-Cha farm, Commack, L. I. The contract was thereafter assigned to the General Motors Acceptance Corporation, the claimant herein, and was filed on October 9, 1936, with the town clerk of Huntington town. On November 17, 1936, a judgment was entered against Christ Walker and execution issued and levy made by the sheriff on this particular car. It is undisputed that prior to the time of the levy, which was made at St. James, L. I., the debtor told the sheriff of this particular conditional bill of sale. The questions involved are: *First*, whether the conditional bill of sale was properly filed, and *second*, if there was improper filing, whether the creditor nevertheless had notice of the existence of the contract prior to the time of the actual levy.

Section 66 of the Personal Property Law provides for the filing of a conditional sales contract in the office of the town clerk in which the buyer resides. The courts have held that the buyer's residence does not necessarily mean his domicile. (*General Motors Acceptance Corp.* v. *Barnett*, 142 Misc. 192.) Although the buyer may have been domiciled in St. James, nevertheless when he purchased the car he was then residing in Commack and the vendor had the right to rely upon his representation as to his place of residence at the time of purchase. Although Commack is located in the township of Huntington, the Winne-Cha farm, whereon Walker resided, is actually located in the township of Smithtown. Hence, filing in Huntington was not effectual.

On the second issue the uncontradicted evidence was to the effect that Walker notified the sheriff just prior to the levy of the existence of this conditional bill of sale. In my opinion, this constituted such notice to the creditor as is specified in section 65 of the Personal Property Law. Notice to the sheriff constituted notice to the creditor and he, therefore, cannot claim that the conditional sale was void as against him because of improper filing. Although there appears to be no case on this exact point in New York State, the Supreme Court of South Dakota has held, in construing a similar provision of the Conditional Sales Act, that notice to the sheriff was notice to the creditor. The opinion of the court by Judge POLLEY in the case of *Lyle Culvert & Road Equipment Co.* v. *Anderson Lumber Co.* (46 S. D. 366; 193 N. W. 58) reads, in part, as follows:

" It is the contention of the respondent that in making the levy and seizure the deputy sheriff was acting as agent for the execution creditor, and that the knowledge of the agent was the knowledge of the principal, the execution creditor, under the provisions of section 5 of the Conditional Sales Act, being section 5 of chapter 137, Laws of 1919. This section reads as follows:

" ' Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale.'

" The question here presented has not heretofore been passed upon by this court, but such authority as we are able to find on the subject supports the view that the officer making a levy under an execution is the agent of the execution creditor. *Gandy* v. *Collins*, 214 N. Y. 293; 108 N. E. 415; *Francisco* v. *Aguirre*, 94 Cal. 180; 29 Pac. 495; *Parshall* v. *Eggert*, 54 N. Y. 18. It is objected by appellant that these were replevin cases, where the sheriff is directed to seize specific personal property while in this case the seizure was made under a general execution, in which the sheriff was authorized to levy on any property of the execution debtor that could be found, without any specific directions. Without holding that a distinction should be made between the two cases, we are satisfied from the record in this case that the execution creditor, defendant herein, gave the sheriff specific direction to levy on the property involved in this action.

" We hold that under the facts disclosed by the record in this case the appellant should be charged with knowledge, prior to the levy or seizure, that said Gipson was not the owner of said scrapers

when the levy was made, and that said seizure was not authorized by the Conditional Sales Act."

Having determined that the conditional sales contract was effective, there still remains the question of disposition of the car. There is a wide divergence of opinion as expressed in the cases decided by our various courts as to whether the vendee in possession has an interest subject to levy. It is undisputed that if the buyer is in default there is no leviable interest. But where the purchaser has paid a portion of the price and is in possession, many cases hold that there is a leviable interest. (*Frank* v. *Batten,* 49 Hun, 91; *Savelle* v. *Waufel,* 16 N. Y. Supp. 219; affd., 63 Hun, 627; *Arter* v. *Jacobs,* 226 App. Div. 343; *Cohocton Valley Garage* v. *Kellogg,* 136 Misc. 283.) But the weight of authority as enunciated in the case of *Baker* v. *Hull* (250 N. Y. 484) regards the interest of a vendee under a conditional bill of sale as not leviable. (*Strong* v. *Taylor,* 2 Hill, 326; *Herring* v. *Hoppock,* 15 N. Y. 409; *Hasbrouck* v. *Lounsbury,* 26 id. 598; *Ballard* v. *Burgett,* 40 id. 315; *Cole* v. *Mann,* 62 id. 1; *Burchell* v. *Green,* 6 Misc. 236; *National Cash Register Co.* v. *Coleman,* 32 N. Y. Supp. 593; *Friedman* v. *Phillips,* 84 App. Div. 179; *Picone* v. *Freeman,* 115 N. Y. Supp. 128; *Whitney* v. *Biggs,* 92 Misc. 424; *General Motors Acceptance Corp.* v. *Barnett,* 142 id. 192; *White* v. *McKallor Drug Co.,* 239 App. Div. 210; *C. I. T. Corp.* v. *Miklow Realty Corp.,* 157 Misc. 120.)

The claim of the plaintiff must be disallowed.

Submit findings of fact and conclusions of law accordingly.