In the Matter of Proving the Last Will and Testament of ALEXANDER BURKE, Deceased, Late of the County of Queens. KATHERINE BURKE, Executrix Named in the Last Will and Testament of ALEXANDER BURKE, Deceased, Appellant, Respondent, and MIRIAM EMMERICH, ANNE STOLL, JACK BURKE and RITA BURKE, Respondents, Appellants.— Decree of the Surrogate's Court of Queens county, so far as it sustains the contestants' objections, denies the proponent's motion to set aside the verdict of the jury, refuses probate and awards costs to the contestants, reversed on the law, with costs to the executrix-appellant, payable out of the estate, and matter remitted to the Surrogate's Court with directions to admit the will to probate. So far as it awards counsel fee and disbursements to the proponent, the decree is unanimously affirmed, without costs. The proof submitted by the contestants did not warrant the submission of any issue to the jury. Such proof was wholly insufficient to warrant a finding that the will had not been duly executed (*Matter of Burnham*, 201 App. Div. 621; affd., 234 N. Y. 475), or of·lack of testamentary capacity (*Matter of Glockner*, 17 N. Y. St. Repr. 798; 2 N. Y. Supp. 97 [not officially published]; *Matter of Heaton*, 224 N. Y. 22), or of undue influence (*Matter of Ruef*, 180 App. Div. 203; affd., 223 N. Y. 582). The proponent's motion for a directed verdict should have been granted. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

·In the Matter of Special Proceeding under Section 696 of the Civil Practice Act: FAUST AUTO SERVICE, INC., Respondent, v. NEW LONDON MOTOR FREIGHT, INC., Defendant, and AUTOCAR SALES & SERVICE COMPANY, INC., Appellant. In the Matter of Special Proceeding under Section 696 of the Civil Practice Act: MARIE KRUGER, Respondent, v. NEW LONDON MOTOR FREIGHT, INC., Defendant, and AUTOCAR SALES & SERVICE COMPANY, INC., Appellant.— Final orders entered in separate proceedings pursuant to section 696 of the Civil Practice Act, and determining that the interest of appellant — a conditional vendor — in a motor truck is subordinate to respondents, levying creditors of the conditional vendee, unanimously affirmed, with one bill of costs. The law of Connecticut controls. (See *Commercial Credit Corporation* v. *Carlson*, 114 Conn. 514; 159 A. 352.) Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.