ISABELLE PROPERTIES, INC., Plaintiff, *v.* DAVID EDELMAN, Defendant.

SAMUEL COHEN, Third Person, Claimant.

Municipal Court of New York, Borough of Manhattan, First District,
June 25, 1937.

*Schneider & Litchenstein,* for the plaintiff.

*Irving Cohen,* for the defendant Edelman and for Samuel Cohen, third person, claimant.

WINTER, J. This proceeding is brought under sections 696, 697 and 698 of the Civil Practice Act (as added by Laws of 1936, chap. 352) for the purpose of having title to claimed property

determined by this court or a judge thereof. It has been initiated by an order to show cause issued by a judge of this court upon an affidavit of the attorney for the plaintiff herein, the judgment creditor, and upon a petition addressed to the Supreme Court of this State and verified by an officer of this plaintiff. This petition is filed with the clerk of the Supreme Court and is incorporated by reference in the affidavit of plaintiff's attorney. Service of these papers appears to have been acknowledged by an indorsement upon them by Irving Cohen as attorney for both the defendant and the claimant, and by the marshal in person. The order contains an injunction against the transfer or change in the status of the property involved in the proceeding.

In my opinion the papers upon which this proceeding are based are sufficient to support it, if this court has jurisdiction of the proceeding. I also think that the indorsement of the attorney for the defendant and for the claimant upon the moving papers is an appearance by them in the proceedings and that all the necessary parties are before the court, including the marshal. Also the execution appears to have been duly renewed pursuant to section 138 of the Municipal Court Code.

The claimant does not appear to have made a return to the order to show cause, except that an affidavit is filed on the return, in which his attorney disclaims the appearance and any jurisdiction of this court over the client. Defendant Edelman in his return resists the proceeding on the grounds disposed of in the preceding paragraph and on the further ground that, in trying title to the property levied on by the marshal and claimed by Cohen, this court is exercising equity powers and a jurisdiction not conferred on it by the Legislature or the Constitution of the State.

The respondents herein are perfectly correct in their contention that this court and its judges have only such limited powers and jurisdiction as have been granted them by the Legislature and no more. It becomes necessary, therefore, to determine whether in trying this title we are exercising equitable powers forbidden by the Constitution of the State, and, again, whether the statutes of this State have conferred jurisdiction on this court of this particular proceeding.

Equity has been defined as " that portion of remedial justice which is exclusively administered by a Court of Equity as contradistinguished from that portion of remedial justice which is exclusively administered by a Court of Common Law." (1 Story Eq. Jur. [13th ed.] p. 20.) In this State, except as to courts of limited jurisdiction, the distinction between courts of equity and of law

has long been abolished. So that in cases where this distinction between equity and law becomes important, as in determining the powers of this court, modern jurisprudence has practically defined equity in terms of the relief sought from or required of the remedial justice. So this court is powerless to issue injunctions, set aside contracts for fraud, mistake or duress, reform contracts, marshal assets, decree specific performance, affirmatively enforce equities, such as mortgages and trusts, or decree and take accountings. Yet it is permitted to entertain equitable defenses in bar of recoveries as distinguished from equitable counterclaims. (*De Vita* v. *Pianisani*, 127 Misc. 611.) In actions for money had and received, it receives oral testimony of fraud, duress and mistake as to written contracts and adjudicates their validity in granting money judgments. In actions on insurance policies by named beneficiaries, it interpleads parties claiming fraud, or duress, or mental incapacity as to the designation of the beneficiary and tries and adjudicates that issue and awards money paid into court to the prevailing party. It interpleads a judgment creditor, claiming an assignment in fraud of creditors, with the assignee in an action to recover for goods sold and delivered, and tries the issue of the fraud in the assignment as a defense to the complaint, and awards the moneys paid into court to the party prevailing on the issue. In all these cases where the court is trying issues raised by equitable defenses and awarding money judgments on its findings, it is exercising equitable powers and determining equities.

In the instant proceeding the claimant has filed with the city marshal, who has levied on property of the defendant herein, an affidavit claiming title to the property by virtue of a chattel mortgage made by the defendant herein and stating the value of the property claimed by him and his damages in case the levy is not released. Pursuant to chapter 352 of the Laws of 1936, the marshal served upon the plaintiff herein the affidavit of the claimant with a notice that he required indemnity upon the claim. Within three days thereafter the plaintiff instituted a proceeding in the Supreme Court of this State, which was dismissed. Thereupon the plaintiff instituted this proceeding, and set up in its papers that the chattel mortgage under which the claimant is obstructing the levy and seeking its release is void for fraud. The petition neither demands nor requires any affirmative relief either in law or equity. He demands merely a determination from this court or a finding either that the property belongs to the claimant or that the levy is valid. In hearing the petition and trying this issue the court is exercising such powers as have been used by it for years in determining equitable defenses set up in bar of money claims.

Chapter 352 of the Laws of 1936 repeals and replaces sections 696, 697 and 698 of the Civil Practice Act. Under the former sections 696 and 697, which were sections 1418 and 1419 of the Code of Civil Procedure, as amended by chapter 541 of the Laws of 1904, and former section 698, which was section 1420 of the Code of Civil Procedure, the sheriff or the marshal, as the case might be, might have impaneled a jury to try the validity of a claim of a third party to the property levied upon. If the jury by their inquisition found that the property belonged to the claimant, they must also have found its value and the damages above its value which the claimant would suffer in case the levy were not released, all of which must have been stated in the claim. Thereupon the officer might have released the levy, unless the judgment creditor indemnified him in an amount not less than twice the value of the property and damages as assessed by the jury and $250 in addition thereto. In that event the officer must have detained the property as belonging to the judgment creditor. Whatever energy or will he might otherwise have exerted in securing a fair trial for the judgment creditor, former section 698 completely paralyzed. That provided: " If the property is found to belong to the defendant, the finding does not prejudice the right of the claimant to bring an action to recover the property so levied upon or damages by reason of the levy, detention or sale." Under that section the officer acted at his peril if he followed the finding of the jury and performed his duty. (*Minor* v. *Gurley*, 81 App. Div. 586.)

The practice that grew up and was fostered by this section of the old Code and of the Civil Practice Act of holding fraudulent inquisitions by sheriff's juries, and the lack of power of the courts to protect the judgment creditor has been pictured in *Gilmour Door Co.* v. *Shea* (150 App. Div. 239).

Chapter 352 of the Laws of 1936 obviously was enacted to correct this situation and to give the judgment creditor as well as the sheriff or marshal redress against a fraudulent claim interposed to block executions on judgments. It has replaced the inquisition of the sheriff's jury by a hearing with or without a jury before a court or judge in a special proceeding. No particular court or judge is specified by the statute. It merely provides that " The court or judge before whom the proceeding is brought, shall hear and determine the title thereto, and for that purpose the judge hearing the proceeding, may, in his sole discretion, impanel a jury." The statute then provides: " If, by such proceeding, it is determined that the property belongs to the claimant, it shall be delivered to him and the sheriff shall be thereby released from all claim for damages. If, by such proceeding it is determined that the

levy or sale was valid, the sheriff shall proceed thereunder and shall be released from all liability to the claimant, by such determination."

The amendment makes no provision whatever for the entry of any order or decree upon the finding of the court or the jury or the judge as the case might be, or for any affirmative relief other than the mere determination. It is upon that event that the sheriff must proceed either to deliver the property to the claimant or with the levy. It is the determination of the court that releases the sheriff from any liability arising out of his official acts from following the compulsion of the statute. The statute is self-executed upon determination of the court as to the title.

It is difficult to see how such a proceeding involves this court in the exercise of equity powers any more than that the original sections 696 and 697 of the Civil Practice Act called upon the sheriff's jury to exercise such powers. Both perform the same functions.

Generally speaking, jurisdiction is conferred on the Municipal Court by section 6 of the Municipal Court Code. In addition to this, however, other grants of power to this court are sprinkled throughout the statutes. For example, article 23-A of the General Business Law, section 352, empowers this court to preside over and hold examinations conducted by the Attorney-General in investigations of fraudulent practices in the sale of securities. It does this in the following language: " The Attorney-General * * * is empowered to subpœna witnesses, compel their attendance, examine them under oath before him or a magistrate, a court of record or a judge or justice thereof and require the production of any books or papers which he deems relevant or material to the inquiry." In a like manner chapter 352 of the Laws of 1936 empowers this and other courts to hear and determine the title to property levied upon by the sheriff and claimed by a third party. It specifies no particular court, not even a court of record. The intent of the Legislature to include this court in this blanket resolution may also be read into the statute from section 151 of the Municipal Court Code. That provides that " all provisions of law relating to the powers, duties and liabilities of sheriffs in like cases and in respect to the taking and restitution of property, shall apply to marshals." By including marshals in this reference among the officers whose procedure, liabilities and duties are measured by the statute, it is scarcely an offense to reason to find that the lawmakers also included this court among those assigned to protect their own process and aid their own officers.

It is my opinion that this court has jurisdiction of this proceeding and may determine the title to the property levied upon herein by the marshal.

The proceeding will accordingly be set for a hearing upon oral testimony before this court in Part 14 on the 29th day of June, 1937. The court did not have the power to order the injunction contained in the order to show cause and it will be vacated.