LONG ISLAND TINSMITH SUPPLY CORPORATION, Plaintiff, *v.* JOHN H. RAMBERG & SON, INC., Defendant.

Municipal Court of New York, Borough of Queens, Fourth District, July 28, 1939.

*Louis H. Roth*, for the motion.

*John Scileppi*, opposed.

PETTE, J. This motion is brought under sections 696 *et seq.* of the Civil Practice Act for the purpose of having title to a Ford truck determined by this court. The application has been initiated by the service of motion papers upon the city marshal, third party, and the defendant, appearing in person. The moving affidavit contends that the transfer was a fraudulent one and effected for the purpose of defrauding the creditors of the judgment debtor, John H. Ramberg & Son, Inc. After the judgment was entered the city marshal levied upon the truck. Frederick J. Widlicka, third party, served a demand upon the city marshal, claiming ownership thereof.

From the foregoing it is apparent that all the necessary parties are before this court.

Generally speaking, jurisdiction is conferred on the Municipal Court by section 6 of the New York City Municipal Court Code. In addition to this, however, other grants of power to this court are sprinkled throughout the statute. Thus, as in the instant case, section 151 of the Municipal Court Code provides: " General powers, duties and liabilities of marshals. The authority of a marshal extends throughout the city of New York. Except as otherwise prescribed as in this act or in the rules, every execution order of arrest, warrant of attachment, requisition to replevy, warrant of seizure, or other mandate of the court shall be served and executed by a marshal, and all provisions of law relating to the powers, duties, and liabilities of sheriffs in like cases and in respect to the taking and restitution of property, shall apply to marshals."

Section 696 of the Civil Practice Act provides: " Claim to property by third person. If personal property levied upon as the property of the judgment debtor is claimed by or in behalf of another person, as his property, an affidavit shall be made and delivered to the sheriff by or in behalf of such person at any time while such

property or the proceeds thereof are in the sheriff's possession, stating that he makes such a claim  *  *  *.  If the indemnity is not furnished within three days after demand has been made by the sheriff, the sheriff, in his discretion, may deliver the property or the proceeds as the case may be, to the claimant, without incurring any liability to the plaintiff by reason of so doing; unless within three days after demand for indemnity, the judgment creditor shall institute a proceeding for the purpose of having the title to the claimed property or the proceeds thereof determined. *The court or judge before whom the proceeding is brought shall hear and determine the title thereto, and for that purpose, the judge hearing the proceeding, may, in his sole discretion, impanel a jury.*  If a jury is impanelled, the judgment creditor shall advance the costs and expenses thereof, which shall be fixed by the judge hearing the proceeding."

Section 697 of the Civil Practice Act further provides for an action against the sheriff by a third person claiming the property for the recovery of damages by reason of the levy and sale of said property and further requires the institution of such action within three months after the sale of the property.

The purpose in trying a claim by a sheriff's jury is to protect the sheriff in enforcing the process, by enabling him to require a bond from the attaching creditor indemnifying him against liability for the levy, if the property is to be retained, or if no bond is given to release the levy.  (*Minor* v. *Gurley*, 81 App. Div. 586.)

If he delivered the property to the claimant and it ultimately turned out that the property belonged to the defendant, the sheriff would be liable to the plaintiff for the damages suffered by the plaintiff for the release of the levy.  (*Cohen* v. *Sobel*, 62 Misc. 306.)  On the other hand, if the sheriff retained the property and it ultimately turned out that the goods belonged to the claimant, the sheriff would be liable to the claimant for the damages which he might suffer.

Ordinarily, the sheriff in such cases impanels a jury to determine whether the defendant or the claimant has title to the property. If the jury find that the property belongs to the claimant, they must determine its value and the damages above its value which will be sustained by the claimant if the levy is not released.  (Civ. Prac. Act. § 697.)  Thereupon the sheriff may relinquish the levy unless the judgment creditor gives him an undertaking to indemnify him against all damages in any action brought against him by reason of the levy.  If such undertaking is given, the sheriff must retain the property as belonging to the judgment debtor.  If the property is found to belong to the defendant, the levy is continued by the sheriff, in which case no undertaking is required.

Chapter 352 of the Laws of 1936 (adding sections 696–698 to the Civil Practice Act) empowers this and other courts to hear and determine the title to property levied upon by the sheriff and claimed by a third party. It specifies no particular court. The intent of the Legislature to include this court in this blanket resolution may also be read into the statute from section 151 of the Municipal Court Code. By including marshals in this reference among the officers whose procedure, duties and liabilities are measured by the statute it is reasonable to find that the Legislature intended to include this court among those assigned to protect their own process and aid their own officers. A similar conclusion was arrived at in *Isabelle Properties, Inc., v. Edelman* (164 Misc. 192).

Chapter 352 of the Laws of 1936 gives the judgment creditor or marshal, etc., redress against the fraudulent claim interposed to block execution upon a judgment. It has replaced the inquisition of the sheriff's jury by a hearing with or without a jury before a court or judge in a special proceeding. No particular court or judge is specified by the statute. It merely provides that " The court or judge before whom the proceeding is brought shall hear and determine the title thereto, and for that purpose, the judge hearing the proceeding may, in his sole discretion, impanel a jury."

The statute then provides: " If, by such proceeding, it is determined that the property belongs to the claimant, it shall be delivered to him and the sheriff shall be thereby released from all claim for damages. If, by such proceeding, it is determined that the levy or sale was valid, the sheriff shall proceed thereunder and shall be released from all liability to the claimant, by such determination." (Civ. Prac. Act, § 696.)

The above amendment makes no provision whatever for the entry of any order or decree upon the finding of the court or the jury or the judge as the case might be, or for any other affirmative relief than the mere determination. It is upon that event that the sheriff or marshal must proceed either to deliver the property to the claimant or with the levy. It is the determination of the court that releases the sheriff from any liability arising out of his official acts from following the compulsion of the statute. The statute is self-executed upon the determination of the court as to the title.

From the foregoing I find that this court has jurisdiction of this proceeding and may determine the title to the property levied upon by the marshal. The proceeding will accordingly be set down for a hearing upon all testimony before this court on August 16, 1939, at nine-thirty A. M.