JOSEPH F. DUNN, Judgment Creditor, *v.* GUSTAV SEIDENSCHWARZ, Judgment Debtor.

Supreme Court, Suffolk County, December 20, 1939.

*Oliver E. Mosser,* for the judgment creditor.

*Alexander Blue,* for the judgment debtor.

SWEZEY, J.   The judgment debtor herein contests the jurisdiction of this court to entertain this proceeding for the determination of a claim to property levied upon by the sheriff of Suffolk county. The judgment upon which the execution was based was recovered in the Justice's Court and a transcript thereof was filed with the county clerk so that from that time the judgment was deemed a judgment of the County Court for the purpose of aiding in the enforcement or collection thereof.   (Justice Ct. Act, § 272; *Quackenbush* v. *Johnston,* 249 App. Div. 452.)   Although the County Court of Suffolk county has previously taken jurisdiction of proceedings of this nature (*Edwards* v. *Walker,* 162 Misc. 96), I am of the opinion that it is unnecessary upon this motion to determine whether that court has jurisdiction to entertain these proceedings.   Section 696 of the Civil Practice Act, as amended, provides for an entirely new method of determining the claim to property levied upon by the sheriff.   It is provided that the judgment creditor may " institute a proceeding."   No mention is made of the court wherein the proceeding is to be instituted.   It is apparent, however, that the statute contemplates a proceeding which is wholly independent of the action in which the judgment was recovered and that it is a special proceeding as defined by section 7 of the Civil Practice Act.   (See *Faust Auto Service, Inc.,* v. *New London Motor Freight, Inc.,* 250 App. Div. 855.)   Under these circumstances, the Supreme

Court has jurisdiction at least concurrently with any other tribunal which might have jurisdiction, and since the judgment creditor elected to commence his proceedings in this court it is properly here. The matter will, therefore, be referred to an official referee to take proof and report with his opinion, concerning the title to the property levied upon by the sheriff.