In the Matter of I. WOLFE GILBERT et al., Copartners Doing Business as GILBERT & KNIGHT Co., Judgment Creditors, against REPUBLIC SHEET METAL WORKS, INC., Judgment Debtor. FIRST BANK AND TRUST CO. OF UTICA, Claimant.

City Court of Utica, September 30, 1953.

*Vincent J. Rossi* for judgment debtor.

*Joseph J. Cardamone, Jr.,* for claimant appearing specially.

*Irving S. Rokeach* for judgment creditors.

WALSH, J. This is a special proceeding under section 696 of the Civil Practice Act to determine the title to certain personal property of the judgment debtor levied against by City Marshal Guy Yacobelli and claimed by the First Bank and Trust Co. of Utica by virtue of a chattel mortgage.

The claimant appears specially and objects to the jurisdiction of this court to hear such special proceeding. The judgment debtor appears and moves to dismiss the petition on its merits.

This court has jurisdiction to hear such a special proceeding. Although the Utica City Court Code contains no specific delegation of power to hear such cases, the Utica City Court is a court of record and part of the judicial system of the State of New York. The Legislature has ample authority from time to time to delegate additional duties to the Utica City Court by virtue of a general statute. Section 696 of the Civil Practice Act is silent as to the specific court in which the proceeding may be commenced. It states merely, *" The court or judge before whom the proceeding is brought, shall hear and determine the title thereto ".* (Italics supplied.) (See *Dunn* v. *Seidenschwarz,* 173 Misc. 495 [1939]; *Long Is. Tinsmith Supply Corp.* v. *Ramberg & Son,* 172 Misc. 158 [1939], and *Isabelle Properties* v. *Edelman,* 164 Misc. 192.)

Having determined that this court has jurisdiction to hear this special proceeding, we turn to the motion to dismiss.

The judgment debtor claims that the papers submitted show that the levy was made *after* the chattel mortgage to the claimant was filed. The petition contains references to a levy or attempted levy on August 21st.

The claimant also points out that the petition is defective because the proceeding was not commenced by service upon the claimant until after *three* days had passed from the time of the demand by the marshal for indemnity.

Section 696 provides that where there is a third-party claim, the sheriff (in this case, the marshal) may demand indemnity against such claim. " If the indemnity is not furnished within three days after demand has been made by the sheriff, the

sheriff, *in his discretion*, may deliver the property or the proceeds as the case may be, to the claimant, without incurring any liability to the plaintiff by reason of so doing; unless within three days after demand for indemnity, the judgment creditor shall institute a proceeding for the purpose of having the title to the claimed property or the proceeds thereof, determined.'' (Emphasis supplied.)

The demand for indemnity by the marshal is dated September 3d and the petition of the judgment creditors is verified the same day. It is not clear from the papers submitted when the petition was served on the parties. However, this court is of the opinion that the three days referred to in the statute is not a Statute of Limitations. The statute refers only to the liability of the marshal to the plaintiff or petitioner if he surrenders the property to the claimant. In its essence, the statute merely provides that the marshal may in his discretion turn the property over to the claimant unless indemnity is furnished within such time limit. However, he cannot exercise his discretion if the plaintiff commences his action within the three-day period in lieu of furnishing indemnity.

Here, the marshal has decided not to take any further action without the sanction of a court order. In the view of the papers submitted, he has acted wisely. If this court were to rule that because the proceeding was not commenced within the three-day period provided, the marshal must then himself determine the title to such property, we would then be delegating to a ministerial officer a judicial act. The sound administration of the law calls for no such strict interpretation of the statute. The Civil Practice Act '' shall be liberally construed '' (Civ. Prac. Act, § 2).

This proceeding should be heard on the merits. The motion to dismiss the petition is accordingly denied and the matter set for a hearing on October 8, 1953, at 10:00 A.M.