In the Matter of JOSEPHINE SKOTAK, Respondent. CHARLES S. JACOBOWITZ COMPANY, Appellant.

Fourth Department, March 9, 1955.

*James M. Sullivan* for appellant.

*Perry B. Rausch* for respondent.

*Per Curiam.* The motion made on special appearance in this proceeding under section 696 of the Civil Practice Act, to vacate the service of petition and notice of motion should have been granted. The Charles S. Jacobowitz Company, a domestic corporation, was not served. Service of the papers upon its attorney, who filed with the Sheriff a notice of claim of title, was not service upon the company. (Civ. Prac. Act, § 228; Rules Civ. Prac., rule 21.) The attorney was not a person who could receive service of process to commence a special proceeding, and the filing by the attorney, on behalf of the Jacobowitz Company, of notice of claim was not the commencement of the special proceeding thereafter initiated by the petitioner. Notice of the limitation of the attorney's employment was given in the notice of claim itself. The notice stated that the attorney's firm had been retained by the Jacobowitz Company " for the purpose of filing this claim with the Sheriff of Onondaga County." Moreover, the Jacobowitz Company was not a resident of Onondaga County and the Onondaga County Court was without jurisdiction of the person of the company (Civ. Prac. Act, §§ 67, 68). No jurisdiction of the person of the corporation was acquired by the Onondaga County Court and jurisdiction of the person was not waived but, on the other hand was promptly challenged.

It is unnecessary to our decision to determine whether any County Court has jurisdiction of a special proceeding under section 696 of the Civil Practice Act. Such question was not

raised and we do not here decide it. We do, however, call attention to the fact that section 67 of the Civil Practice Act does not include this proceeding as one of which County Courts have jurisdiction and we are not aware of any other statute which gives such courts jurisdiction. In at least two cases, County Courts have taken jurisdiction. (*N. B. I. Corp.* v. *Keller,* 175 Misc. 231; *Edwards* v. *Walker,* 162 Misc. 96.) In neither case was the jurisdictional question raised. The Municipal Court of New York has held it has jurisdiction in such a proceeding. (*Isabelle Properties* v. *Edelman,* 164 Misc. 192; *Long Island Tinsmith Supply Corp.* v. *Ramberg & Son,* 172 Misc. 158.) We are not concerned with the question of jurisdiction of the Municipal Court of New York or the basis of those decisions. In *Dunn* v. *Seidenschwarz* (173 Misc. 495) the Supreme Court, in commenting upon *Edwards* v. *Walker* (*supra*), raised a doubt as to the jurisdiction of County Courts.

The order and judgment appealed from should be reversed and the motion of claimant-appellant, on special appearance, to vacate and set aside service of petition and notice of motion granted and proceeding dismissed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Judgment and order reversed on the law and facts, with costs, and proceeding dismissed, with costs.