Anthony J. Di Giovanna, J.
This is a motion in the original action for an order vacating the petition of a third-party claimant upon property levied upon by the Sheriff of the City of New York and for a direction to the Sheriff to deliver the said property to the plaintiff who apparently purchased the property at a sale, or for other alternative relief.
If this is intended as a proceeding to protect the rights of the purchaser under the execution, then his rights would have to be determined under section 696 of the Civil Practice Act and article 78 of the Civil Practice Act. Inherent in the disposition sought by the plaintiff is a determination of the claim to the property. It has been held that section 696 of the Civil Practice Act contemplates a proceeding which is wholly independent of the action in which the judgment was recovered (Dunn v. Seidenschwarz, 173 Misc. 495). Consequently this motion would have to be denied without prejudice to the rights of the plaintiff to proceed in such other manner as he deems advisable.
An execution was filed in the Sheriff’s office on October 25, 1961. A levy was made on certain property. On October 27, 1961 notices of sale were posted and duly advertised. On Novem *784 her 3 the sale was to be held. On November 2 the Sheriff received a letter from a third-party claimant advising the Sheriff of his rights. The Sheriff wrote to the claimant suggesting that an affidavit be used as required by section 696 of the Civil Practice Act. On November 3, before the sale began, the claimant delivered a petition having the same force and effect as an affidavit under section 696. Because it was incomplete it was agreed among the parties that the sale go forward but that a further affidavit be given to the Sheriff promptly. The chattel was sold for $100. On November 6 the Sheriff received a petition verified November 3 which fully complied with section 696. Pursuant to the provisions of section 696 the Sheriff demanded indemnity from the judgment creditor on November 8. On November 10, 1961, instead of filing indemnity, the plaintiff sent a letter attacking the validity of the third-party claimant’s affidavit. The Sheriff then wrote the plaintiff stating that he would not determine the validity of the objections and the claim to title but suggested a motion be made in the proper tribunal.
Section 696 provides that if the Sheriff is served with a third-party claim he has a right to serve upon the plaintiff’s attorney a copy of the affidavit with a notice that he requires indemnity against the claim; but it also provides that if the indemnity is not furnished within three days after demand has been made by the Sheriff, the Sheriff in his discretion may deliver the property or the proceeds, if the sale has been held and the chattel not delivered to the purchaser, to the claimant without incurring any liability to plaintiff by reason of so doing. Peculiarly so, the alternative is not provided for. However, the section does say that the judgment creditor, if he does not file security or indemnity, must institute a proceeding for the purpose of having title to the claimed property or the proceeds determined within three days after receiving notice requiring indemnity. If such a proceeding is commenced then the court has jurisdiction to try the issue of title and may even impanel a jury for that purpose.
Now in this case the judgment creditor did not file the indemnity nor did he commence a proceeding within three days. It would appear that as a judgment creditor he no longer has any right to commence a proceeding but if he did purchase the property at the sale he would have available to him, if timely commenced, an article 78 proceeding to compel delivery of the property which he purchased. Whether his claim in this motion is based upon his rights as a purchaser or a judgment creditor is not readily determinable. On the other hand, the third-party claimant did not commence an action pursuant to section 697 *785 of the Civil Practice Act within three months to recover damages from the Sheriff for his failure to have returned the chattel to him. The final sentence of that section reads: 11 An action cannot be maintained against the sheriff by a person so entitled to make a claim except as prescribed in this section.” It would be fair to presume from the meager facts set forth in all of the papers that the third-party claimant did not commence a replevin action against the Sheriff to recover possession of the property, which would have been available to him as a remedy in addition to an action under section 697 (Dyette v. Hyman, 37 St. R. 251, affd. 129 N. Y. 351).
In any event, the property has now been held by the Sheriff since the levy in October, 1961 and neither party has commenced appropriate proceedings to determine title. The Sheriff in the exercise of his discretion chose not to deliver the chattel to the claimant even though indemnity was not furnished. Until a proper proceeding is brought this controversy cannot be resolved. The motion is therefore denied.