Benjamin Newberg, J.
Roosa Construction Associates, Inc., a third-party claimant under a levy made by the Sheriff of the County of Sullivan upon the property of the above-named defendants, judgment debtors, moves, on special appearance, to vacate a petition and notice of motion made under section 696 of the Civil Practice Act. The third-party claimant contests the jurisdiction of the County Court and the County Judge to hear and determine this proceeding.
Section 696 providing the “ court or judge before whom the proceeding is brought, shall hear and determine the title ” does not specify the court in which the proceeding to determine title shall be instituted. It has been held applicable to the Municipal Court (Long Is. Tinsmith Supply Corp. v. Ramberg & Son, 172 Misc. 158) and to the Supreme Court also (Matter of Monarch Sales Co. v. Vollmer, 188 Misc. 281; cf. Wish v. Malangone, 259 App. Div. 1054; Dunn v. Seidenschwarz, 173 Misc. 495).
It appears that the parties to this action, whether corporate or individuals, are residents of the County of Sullivan and that the property levied upon is located in Sullivan County. In view of the above, it would seem that the County Court or County Judge should have jurisdiction in this matter. However, the County Court is a court of limited jurisdiction and is authorized to act only when powers are specifically delegated by legislative act. Although the court cannot find a case which determines the question of jurisdiction in this matter, the case of Matter of Skotak [Jacobowitz Co.] (285 App. Div. 500) does discuss this question as dicta. The court in this case stated on pages 501 and 502: “ It is unnecessary to our decision to determine whether any County Court has jurisdiction of a special proceeding under section 696 of the Civil Practice Act. Such question was not raised and we do not here decide it. We do, however, call attention to the fact that section 67 of the Civil Practice Act does not include this proceeding as one of which County Courts have jurisdiction and we are not aware of any other statute which gives such courts jurisdiction. In at least two cases, County Courts have taken jurisdiction. (N. B. I. Corp. v. Keller, 175 Misc. 231; Edwards v. Walker, 162 Misc. 96.) In neither case was the jurisdictional question raised. The Municipal Court of New York has held it has jurisdiction in such a proceeding. (Isabelle Properties v. Edelman, 164 Misc. 192; Long Island *608 Tinsmith Supply Corp. v. Ramberg & Son, 172 Misc. 158.) We are not concerned with the question of jurisdiction of the Municipal Court of New York or the basis of those decisions. In Dunn v. Seidenschwarz (173 Misc. 495) the Supreme Court, in commenting upon Edwards v. Walker (supra), raised a doubt as to the jurisdiction of County Courts.”
In the absence of any expressed delegation or conferring jurisdiction under section 67 of the Civil Practice Act, this court must reluctantly conclude that the County Court or County Judge does not have jurisdiction over the proceeding in question.
This situation presents a glaring example of an instance where legislative shackles frustrate the accomplishment of reasonable and effective judicial propriety. The elements in this situation urgently cry for legislative rectification. It seems reasonable that the Legislature should delegate to the County Court jurisdiction over such special proceedings as is referred to in section 696 of the Civil Practice Act so that the judicial machinery can act within the orbit of legislative leash and effectuate the intent to afford judicial aid in the proper determination of special proceedings as referred to in section 696 of the Civil Practice Act.
It is regrettable that the judgment creditor must be deprived of a proper and reasonable judicial remedy because of the lack of delegation of jurisdiction to the County Court which in every other respect is qualified to exercise judicial control of this matter.
Section 110-a of the Civil Practice Act permits the County Judge or the County Court to grant leave to remove this matter to a court having proper jurisdiction and in this instance, the Supreme Court. In accordance with this authority, leave is granted to the judgment creditor to apply for the removal of this matter to the Supreme Court.
The motion to vacate is hereby granted, without costs, and with leave to the judgment creditor to apply for removal.